**Richmond**

ANTHONY WILLIAM GRINTON

v.

COMMONWEALTH OF VIRGINIA

No. 1093-91-2

ARTHUR BERNARD TREADWELL

v.

COMMONWEALTH OF VIRGINIA

No. 1012-91-2

Decided July 14, 1992

COUNSEL

Ned M. Mikula (Rudy, Evans & Mikula, on brief), for appellant Anthony Grinton.

Thomas L. Gordon (Gordon, Dodson & Gordon, on brief), for appellant Arthur Bernard Treadwell.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This criminal appeal is by co-defendants who were convicted of possession of marijuana and possession of cocaine with intent to distribute. They contend that the marijuana and cocaine were illegally seized and should not have been admitted into evidence. We hold that the contraband was seized during a consensual search of an automobile, that the search did not exceed the scope of the consent and that the marijuana and cocaine were, therefore, legally seized and properly admitted into evidence.

The defendants were traveling south on Interstate 95 in a rented automobile. When they stopped to pay a toll, a police officer approached the car. As he approached, he saw a wire running from the center of the dash toward the roof, which he associated with a radar detector. He also observed that the automobile bore a North Carolina inspection decal. The officer identified himself and asked, "[D]o you mind if I ask you a couple questions." The defendant Treadwell, who was driving, agreed that he could.

The officer asked the defendants various questions, including where they were going, where they had been, how long they had been there, who owned the car, the relationship between the two defendants, and whether the automobile contained any contraband. The defendant Treadwell answered all of the questions, responding negatively to the last, while the defendant Grinton remained silent.

Finally, the officer asked if he could "look at the contents and containers" in the vehicle. Treadwell said that he could. The officer then said, "If you don't mind pulling over to the shoulder, I'll take a quick look and have you on your way in a couple of minutes." Treadwell agreed and drove the automobile to the shoulder of the highway.

At the officer's request, the defendants got out of the automobile and stood on the right side of the vehicle while the officer conducted the search. The officer asked Treadwell, as he got out of the automobile, if he would open the trunk. Treadwell, however, went to the side of the vehicle without opening the trunk. The officer went into the passenger side of the car and found the ignition key on the floorboard on the driver's side. He asked Treadwell for the trunk key, but Treadwell said that he had not been given a trunk key when he rented the car. In the passenger area of the car, the officer found only a bag on the back seat with air fresheners in it. The officer attempted to inquire about the contents of the trunk, and one of the defendants said that they had nothing in the trunk.

The police officer then retrieved tools from his patrol car and removed the back seat of the defendants' automobile so that he could get into the trunk. He saw that the trunk was packed with shopping bags filled with clothing and small pieces of luggage. When asked to whom the items belonged, the defendants replied

that they did not know. The officer pulled everything out of the trunk and laid the bags on the ground. During the search of the car, neither of the defendants made any attempt to stop the search or to prevent the officer from looking into the trunk.

While opening a bag and discovering what appeared to be marijuana, the officer heard another officer shout. He turned and saw both defendants running away. After apprehending the defendants, the officer continued his search and discovered fourteen baggies containing crack cocaine.

In response to the defendants' motions to suppress the admission into evidence of the cocaine and marijuana found during the search, a suppression hearing was conducted and evidence was taken. The trial court denied the motion to suppress, and at a later hearing, the defendants entered conditional pleas of guilty as permitted by Code § 19.2-254.

## INITIAL ENCOUNTER

The defendants argue that they were illegally detained when the officer asked them to move to the shoulder of the road to permit him to examine the automobile.

A person is not seized until his freedom of movement is restrained by means of physical force or show of authority. *Baldwin v. Commonwealth*, 243 Va. 191, 196, 413 S.E.2d 645, 647 (1992). As long as a person remains free to leave, no seizure has occurred. *Baldwin*, 243 Va. at 196, 413 S.E.2d at 647. Voluntarily responding to a police request, which most citizens will do, does not negate "the consensual nature of the response" even if one is not told that he or she is free not to respond. *I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984).

In this case, the defendants consented to remain stationary at the toll booth in order to answer the officer's questions and consented to moving their automobile to the shoulder of the road. Defendant Treadwell also agreed to the officer's request to look at the contents and containers in the automobile. No evidence in the record contradicts the consensual nature of the encounter.

The defendants argue that the officer "improperly and illegally used defendants' race as the sole criteria to engage them in conversation" and to begin an investigative stop, a contention not

presented to the trial court. On appeal, a ruling of the trial court cannot be a basis for reversal unless an objection is stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18; *see also Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). Therefore, because the issue was not presented to the trial court, we are unable to consider this contention on appeal.

While the defendants and the Commonwealth both assume that the trial court concluded that there was a seizure, we do not construe the trial court's language as necessarily supporting their assumptions. The trial court, in addressing counsel before final arguments on the issue, said:

> [I]t seems that the issue that the court is most concerned with is the issue of consent. I think that's the sum and substance. I don't find any problem with the question of standing or the illegality of the seizure if you will. The fourth and fourteenth amendment cover basically unreasonable searches and seizures . . . [A]nd I am of the opinion that the stop or the seizure, if you will, was not unreasonable, as such. So that the court is concerned with the concept of consent.

After this remark, counsel argued their positions focusing on the presence or absence of consent by the defendants and, apparently construing the court's remark as we do, addressed the circumstances of the entire encounter from the meeting at the toll booth until the discovery of the contraband. The trial court then ruled that the search was reasonable and denied the motion to suppress.

We do not interpret the trial court's language to represent a factual finding that a seizure based on articulable reasonable suspicion occurred. Rather, we interpret its ruling to be based upon a determination that the encounter and the search that took place during the encounter were entirely the product of a consensual encounter between the defendants and the state police.

## SCOPE OF THE SEARCH

A consensual search is reasonable if the search is within the scope of the consent given. *United States v. Martinez*, 949 F.2d

1117, 1119 (11th Cir. 1992). The scope of a person's consent is determined by whether it is objectively reasonable for the police to believe that the consent permitted them to search where they did. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). It is objectively reasonable for a police officer to search a container within a car based on a general consent to search the car for narcotics and where no specific limitations are placed on the scope of the search. *Id.*

■ The scope of a search may be further defined during the course of the search by the passive acquiescence of the person whose property is being searched. *See, e.g., United States v. De-Witt*, 946 F.2d 1497, 1501 (10th Cir. 1991) (officer's placement of his hand in cleft between back seat cushions of car did not exceed scope of consent, where defendant did not object until after discovery of narcotics), *cert. denied*, 112 S. Ct. 1233 (1992); *United States v. Alfaro*, 935 F.2d 64, 67 (5th Cir. 1991) (defendant fails to withdraw consent where he asks to go outside to talk to another but makes no protest). *Cf. United States v. Patacchia*, 602 F.2d 218, 219 (9th Cir. 1979) (saying "I would but I can't" open car trunk is not consent where prior consent not given).

In this case, the officer asked the defendants for permission to search "the contents and containers" in the vehicle. He explained that he was looking for smugglers of weapons, moonshine, or drugs. The defendant Treadwell expressly consented and pulled the vehicle over to the side of the road. The officer did not coerce the defendants, did not draw his gun, make any threats or deceive the defendants "as to the identity or purpose" of the search. *Limonja v. Commonwealth*, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989), *cert. denied*, 495 U.S. 905 (1990). The defendants got out of the vehicle upon request and did not ask that the search be terminated at any time. Although they claimed not to have had a key to the trunk and asserted that they had nothing in the trunk, they did not withdraw consent to search the trunk. This evidence supports the trial court's finding that the drugs were not seized during an unreasonable search and seizure in violation of the fourth amendment.

In summary, we hold that the defendants were not illegally seized by the police, that their encounter with the police was consensual in nature and, finally, that the search of the automobile's trunk was within the scope of the consent given by the driver of

the automobile. For these reasons, the judgments of conviction are affirmed.

*Affirmed.*

Baker, J., and Elder, J., concurred.