# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Steve G. Allen

June 24, 1993

Case No. K79264

BY JUDGE STANLEY P. KLEIN

On June 1, 1993, the Court received evidence and heard argument on defendant's Motion to Suppress. At the conclusion of the hearing the Court granted the defendant's motion. Upon request of Mr. Brownelle, the Court ordered a transcript of the hearing to be prepared so that the Commonwealth could determine whether it wished to appeal the Court's ruling to the Virginia Court of Appeals. The Court has also read the transcript and for the reasons set out herein and on the record at the hearing on June 1, 1993, the Motion to Suppress is granted.

The primary issue for the Court to decide is whether Mr. Allen consented to a "pat down" by Officer Marsh. The Court found at the hearing that the officer had a reasonably articulable suspicion to approach and inquire of the defendant, but that the officer had no basis to believe that the defendant was armed or dangerous. *See Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). At the hearing, the Commonwealth contended that Mr. Allen consented to the pat down by Officer Marsh and therefore no reasonably articulable suspicion for the pat down was necessary.

At the hearing, the Court had the opportunity to hear the conflicting testimony of Mr. Allen and Officer Marsh. If the Court accepts Mr. Allen's testimony, there is no basis for a finding of consent. However, even if the Court accepts Officer Marsh's testimony in its entirety, the result is no different. Mr. Allen never affirmatively responded to the

Officer's request to pat him down (T-20) though the defendant clearly understood and spoke English (T-22). In response to one of two police officers who had confronted him, the defendant merely raised his hands half way up and nodded. (T-22) Officer Marsh himself described the defendant's actions as a "compliance." (T-20)

The burden is on the Commonwealth to prove consent was freely and voluntarily given. This burden is not satisfied by showing "no more than acquiescence to a claim of lawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968). *See, also Johnson v. United States*, 333 U.S. 10, 13, 68 S. Ct. 367, 368, 92 L. Ed. 436 (1948). The Court finds that Mr. Allen's "compliance" under the totality of the circumstances was an acquiescence to the lawful authority of the police.

In *Florida v. Jimeno*, 500 U.S. —, 111 S. Ct. 1801, 114 L. Ed. 297 (1991), the United States Supreme Court held that the *scope* of the consent is to be judged by what a typical officer would reasonably have believed the consent to encompass. *Id* at 1803. This "objective" test for scope of consent was recognized by the Virginia of Court of Appeals in *Grinton v. Commonwealth*, 14 Va. App. 846 (1991). Even if the breadth of this objective test were expanded to encompass not only the *scope* of the consent, but also the *existence* of the consent, the Commonwealth has failed to meet its burden of proof. Based on the totality of the circumstances and testimony heard, the Court finds as a fact that a typical reasonable officer in Officer Marsh's position would not have believed that Mr. Allen had voluntarily consented to the pat down.

As the alleged controlled substances were seized from Mr. Allen as a direct result of an arrest predicated on the fruits of this unlawful pat down, the Motion to Suppress is granted. *Wong Sun v. United States*, 371 U.S. 721, 89 S. Ct. 1394, 22 L. Ed 26, 676 (1969).