# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

    v.

Thomas J. Bellinger

April 14, 1995

Case No. CR95-330

BY JUDGE ROBERT P. DOHERTY, JR.

The question to be answered is whether or not the seizure of the object from the pocket of an inner layer of the Defendant's pants was lawful.

Under the circumstances of this case, the officers did not have reasonable or articulable suspicion for a stop and frisk detention of Defendant. A pat down search would have been improper. They did, however, have a right to approach the Defendant, identify themselves as police officers, and to engage in conversation, just as they would have with any citizen. The Defendant had the right to refuse to answer their questions, break off the conversation, and to walk away.

However, the Defendant did not refuse to answer their questions. Instead, by his actions of continuing the conversation, he consented to it. He was not coerced or forced in any way to talk to the officers. He was not detained. No evidence was presented that would cause any reasonable person to believe that the Defendant was not free to leave at any time. His actions were entirely voluntary.

When he was asked, Defendant voluntarily delivered his bus ticket and military identification to the officers for their inspection. I do not understand why someone with something in his pocket to hide would voluntarily agree at that time to a search of his person for weapons or drugs, but the evidence is clear and uncontradicted. This defendant did so agree. He was asked and agreed to step away from the front of the bus station so the search could be accomplished.

While conducting the search of the Defendant's person, the officer felt a hard object "with separate substances in it" in one of the Defendant's pants pockets and grabbed the object through the cloth. The Defendant attempted to turn his hip away from the officer, but the officer maintained his grip. When the officer released his grip on the object, the Defendant did not try to leave and the officer did not forcibly detain him. The action of the Defendant turning his hip away from the officer was not in and of itself sufficient action on the part of the Defendant to amount to a communication to the police officers that the Defendant was withdrawing his consent to the search.

Since the Defendant was wearing three to four layers of clothing, the officer had to unbutton the top layer or layers of the pants the Defendant was wearing in order to get to the second or lower layers where the hard object was located in the Defendant's pocket. That object was seized by the officer. At no time did the Defendant tell the officer to stop the search or that he wanted to leave.

The case of *Lawrence v. Commonwealth*, 14 Va. App. 140 (1993), contains the following relevant language:

> A voluntary or consensual encounter between a police officer and a citizen does "not implicate the fourth amendment," *Iglesias v. Commonwealth*, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988), as long as "a reasonable person would understand that he or she could refuse to cooperate." *United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991). "*Voluntarily responding to a police request, which most citizens will do, does not negate 'the consensual nature of the response'*." *Grinton v. Commonwealth*, 14 Va. App. 846, 849, 860, 862 (1992) (quoting *I.N.S. v. Delgados*, 446 U.S. 210, 216, 80 L. Ed. 2d 247, 104 S. Ct. 1758 (1984)). "Such encounters ... remain consensual 'as long as the citizen voluntarily cooperates with the police.' Fourth Amendment scrutiny is triggered, however, the moment an encounter loses its consensual nature." *Payne v. Commonwealth*, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting *Wilson*, 953 F.2d at 121) (other citation omitted).
>
> The evidence shows that appellant made no objection to the officer's questioning and made no statement withdrawing his prior consent to search his person for illegal narcotics or weapons. Appellant made no attempt to leave or move away when the officer began to feel the appellant's left front pocket. "Failure to object to the continuation of the search under these circumstances may be considered an indication that the search was within the scope of the consent." *United States v. Espinosas*, 782 F.2d 888, 892 (10th Cir.

1986); see also *United States v. DeWitt*, 946 F.2d 1497, 1501 (1991), cert. denied, 112 S. Ct. 1233 (1992); *Grinton*, 14 Va. App. at 851, 419 S.E.2d at 863 ("The scope of a search may be further defined during the course of the search by the passive acquiescence of the person whose property is being searched.")

I conclude that appellant's "conduct thus falls far short of an unequivocal act or statement of withdrawal, something found in most withdrawal of consent cases." *United States v. Alfaro*, 935 F.2d 64, 67 (5th Cir. 1991).

The search and subsequent discovery of contraband on the person of the Defendant is the direct result of a voluntary, uncoerced consent search conducted with the permission of the Defendant. This permission was never withdrawn by the Defendant. Assuming that the contraband found was a weapon or a drug of some sort, then it comes within the scope of the consent search and will be admissible as evidence in the trial of this matter.