COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


JERMAINE THOMAS
                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0192-95-2     JUDGE MARVIN F. COLE
                                       JULY 9, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Walter W. Stout, III, Judge

              Cullen D. Seltzer, Assistant Public Defender
              (David J. Johnson, Public Defender, on
              briefs), for appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


        Appellant, Jermaine Thomas, in a bench trial was convicted

of possession of cocaine with the intent to distribute.  On

appeal, he contends that the trial court erred in refusing to

suppress evidence secured as a result of an unlawful search and

seizure.  We disagree and affirm the conviction.

        On July 23, 1994, Detective Stephanie Ruffin was on

assignment at the Greyhound bus station in Richmond.  She was

part of an interdiction team seeking to prevent illegal narcotics

from entering the Commonwealth.  She was standing at a gate when

a bus arrived from Washington, D.C.  She observed appellant near

the gate carrying a gray suitcase and a tan backpack.  The night

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

before, Ruffin saw a person who resembled appellant board a bus for Washington.

Thomas entered the game room of the terminal and sat down upon the suitcase he was carrying. Detective Ruffin watched Thomas about thirty minutes. She then approached him, displayed her identification badge and picture I.D., and identified herself as a police officer. In a "very pleasant" tone of voice, Ruffin asked Thomas if she could speak with him for a moment. Appellant said "sure." Ruffin "asked him if he would mind following [her] to the baggage area where [they] could speak in private." Thomas accompanied Ruffin to the baggage area for privacy. The baggage area was separated from the passenger area of the terminal by a half-gate. Appellant picked up his bags and followed her to the baggage area.

Ruffin explained to Thomas that she was involved in the drug interdiction effort at the bus terminal. She "asked him if [she] could search his bags and his person." Thomas answered, "Yeah," and stated that he was going to a family reunion in Greensboro and that there were only clothes in the bag. Trooper Koushel, who was present in the baggage area, searched Thomas while Ruffin searched the gray suitcase and the backpack. In the backpack Ruffin found an oval package wrapped in black electrical tape. Believing the package contained narcotics, Ruffin cut the package open with a knife. Inside was a brown paper bag containing 95.11 grams of cocaine and 66 yellow glassine envelopes. Ruffin placed

Thomas under arrest for possessing cocaine with the intent to distribute. At no time during the search of his person or bags did Thomas ask the officers to stop or indicate in any way that he no longer consented to the search. He did not object to the search of anything within the bags.

Thomas contends that his initial encounter with Detective Ruffin was a seizure and that he did not voluntarily consent to a search of the backpack. He further argues that even if he did consent to the search, Ruffin exceeded the scope of his consent and, therefore, the seized cocaine was erroneously admitted into evidence. The Commonwealth contends that the encounter and the search of Thomas and his bags were consensual and did not implicate the Fourth Amendment. Citing Rule 5A:18, it asserts that appellant did not raise in the trial court the issue of the scope of the consent, and he cannot raise it for the first time on appeal.

We review the evidence in the light most favorable to the Commonwealth and grant to it "all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The appellant must show that the denial of his motion to suppress evidence was reversible error. Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993). To constitute reversible error, we will disturb the decision of the trial court only if plainly wrong or if not supported by credible evidence. Commonwealth v.

-3-

<u>Grimstead</u>, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

It is axiomatic that for a person to claim the protection of the Fourth Amendment, he or she must first be subjected to a search or seizure.

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification.

<u>Florida v. Royer</u>, 460 U.S. 491, 497 (1983) (citations omitted) (plurality opinion). <u>See</u> <u>also</u> <u>Richards v. Commonwealth</u>, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989).

Furthermore, if a person consents to being searched, the Fourth Amendment is not implicated if a reasonable person would understand he could refuse to cooperate and rely upon the protection of the Fourth Amendment. <u>Lawrence v. Commonwealth</u>, 17 Va. App. 140, 144, 435 S.E.2d 591, 593 (1993), <u>aff'd</u>, 247 Va. 339, 443 S.E.2d 160 (1994) (citing <u>United States v. Wilson</u>, 953 F.2d 116, 121 (4th Cir. 1991)). Consensual encounters and searches remain consensual as long as the citizen voluntarily cooperates with the police. <u>Payne v. Commonwealth</u>, 14 Va. App. 86, 88, 414 S.E.2d 869, 879 (1992).

The Commonwealth must prove that consent was freely and

voluntarily given.  Elliotte v. Commonwealth, 7 Va. App. 234, 238, 372 S.E.2d 416, 419 (1988).  If consent is proven, then probable cause to search and a search warrant are not required.  Schneckloth v. Busamonte, 412 U.S. 218, 219 (1973).  Whether the consent to search was freely given is a question of fact to be determined from the totality of circumstances.  Limonja v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989) (en banc), cert. denied, 495 U.S. 905 (1990).

The Virginia Supreme Court has defined a seizure as follows:

> "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.  Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."

Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 648 (1992) (quoting United States v. Mendenhall, 446 U.S. 544, 554

(1980)).

Nothing in the record supports Thomas's claim that his encounter with Detective Ruffin in the bus station was a seizure. She identified herself as a police officer and asked permission to speak with him. He consented. Detective Ruffin asked Thomas if he would mind following her to the baggage area where they could speak in private. He demonstrated his consent by carrying his bags and voluntarily following her to the baggage area. Thus, we find no merit to the appellant's argument that he was illegally seized in violation of the Fourth Amendment.

As soon as Thomas entered the baggage area with Detective Ruffin and Trooper Koushel, he consented to the searches of his person and his bags. At no point during the searches did he withdraw his consent or in any way indicate that he wanted the police to cease the searches. His consent to the search of his person and his bags was general, unlimited in scope as to his person or bags, voluntary, and was never withdrawn or limited subsequently. The trial court held that the searches were consensual, and evidence in the record supports this conclusion.

Appellant further asserts that even if his encounter with Detective Ruffin was not a seizure and he validly consented to the search, the search conducted by Ruffin exceeded the scope of that consent when she cut open the oval package containing cocaine, which she found in the backpack. The record does not reveal that appellant made this argument in the trial court, and

it cannot now be made for the first time on appeal.  Rule 5A:18.

 In any event, the discovery of the package containing 95.11 grams of cocaine was within the scope of the general consent to search the backpack given by Thomas, as was the right to open the package.  See Grinton v. Commonwealth, 14 Va. App. 846, 851, 419 S.E.2d 860, 863 (1992).

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.