COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


EDWARD LINDSAY YATES

                                    MEMORANDUM OPINION* BY
v.    Record No. 1289-99-4       JUDGE JERE M. H. WILLIS, JR.
                                         APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                      James H. Chamblin, Judge

          Nicholas R. VanBuskirk (Jud A. Fischel, P.C.,
          on brief), for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of possession of a firearm by

a previously convicted felon, in violation of Code § 18.2-308.2,

Edward Lindsay Yates contends that the trial court erred in

denying his motion to suppress the firearms found upon a

warrantless search of his residence.  Finding that the search

was based on a valid and continuing consent, we affirm the

judgment of the trial court.

     The facts are not in dispute.

     On August 11, 1998, Warrenton Police Officers Steve Alleman

and Joseph Spina arrested Yates pursuant to an outstanding

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

arrest warrant.  Yates consented for them to search his residence and signed a consent to search form, which contained no time limitations.  The officers accompanied Yates to his home and commenced the search.  The officers asked Yates whether he possessed a gun.  Yates produced a pellet gun, which the officers seized.  Officer Spina then took Yates to the magistrate's office to process the initial arrest.

After Yates and Officer Spina left, Officer Alleman left the residence, but remained in "the general area . . . standing on the street in front of the house."  Twenty minutes later, Officer Alleman received word from the magistrate's office that additional weapons might be in the house.  Based "[o]n the consent [Yates] had given prior," he reentered the residence and renewed the search, being joined soon thereafter by Officer Spina.  During the second search, Officer Spina found a shotgun and two pistols.

The trial court denied Yates' motion to suppress the shotgun and pistols, holding that Yates' consent authorized the second search.  It convicted him of possession of a firearm by a previously convicted felon, in violation of Code § 18.2-308.2, and sentenced him to one year and eleven months imprisonment.

Yates contends that the trial court erred in denying his motion to suppress.  He argues that the second search exceeded the scope of his original consent and was therefore unreasonable.

-

No search warrant authorized either the initial or second search. Under well-settled principles, a warrantless search is "'"per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions."'" Cantrell v. Commonwealth, 7 Va. App. 269, 282, 373 S.E.2d 328, 334 (1988) (citations omitted). "However, searches made by the police pursuant to a valid consent do not implicate the Fourth Amendment." McNair v. Commonwealth, 31 Va. App. 76, 82, 521 S.E.2d 303, 306 (1999) (en banc).

Yates' consent to search was freely and voluntarily given. See Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998). The issue, therefore, is whether the officers exceeded the scope of that consent when they entered his residence the second time. Yates argues that his consent authorized only the first search and did not extend to authorize the second. See Grinton v. Commonwealth, 14 Va. App. 846, 850-51, 419 S.E.2d 860, 862 (1992). He relies on Thompson v. Louisiana, 469 U.S. 17 (1984). In Thompson, the police entered a residence after being called to render aid to a crime victim and to secure the premises from the suspect. Thirty-five minutes after the victim was hospitalized, the police reentered the premises and conducted a two hour "exploratory search." Finding that the purpose of the second search was unrelated to the purpose of the initial entry, the Supreme Court held the warrantless second search to be unreasonable.

-

This case, however, rises out of a single incident.  Each entry by the police into the residence was based upon Yates' consent.  "The touchstone of the Fourth Amendment is reasonableness."  Florida v. Jimeno, 500 U.S. 248, 250 (1991).  Whether such a search is reasonable requires an objective inquiry into the totality of the circumstances and as to whether those circumstances would lead a reasonable person to believe and act as the officers did.  See id. at 251; Johnson v. Commonwealth, 26 Va. App. 674, 688, 496 S.E.2d 143, 150 (1998).  We hold that Officer Alleman acted reasonably in reentering the house based upon the unlimited consent given by Yates just a short time before.  The temporal nexus between the two searches and their mutual bases rendered reasonable the officers' belief that Yates' consent remained valid.

Because the record supports the trial court's finding that the search was reasonable, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

Affirmed.

-

Frank, J., dissenting.

> "[T]he Fourth Amendment . . . protects
> people from unreasonable government
> intrusions." United States v. Chadwick, 433
> U.S. 1, 7 (1977).  "A consensual search is
> reasonable if the search is within the scope
> of the consent given." Grinton v.
> Commonwealth, 14 Va. App. 846, 850, 419
> S.E.2d 860, 862 (1992).  The United States
> Supreme Court has articulated the standard
> for measuring the scope of an individual's
> consent under the Fourth Amendment to be
> "'objective' reasonableness--what would the
> typical reasonable person have understood by
> the exchange between the officer and the
> suspect?" Florida v. Jimeno, 500 U.S. 248,
> 251 (1991).  Furthermore, the Court stated
> that, "[t]he scope of a search is generally
> defined by its expressed object." Id.

Bolda v. Commonwealth, 15 Va. App. 315, 316-17, 423 S.E.2d 204,
205-06 (1992).

While I agree with the majority that appellant's consent
was voluntary, I disagree with the conclusion that the consent
was unlimited in scope.  The officers asked appellant whether he
possessed a gun.  When appellant produced the pellet gun,
Officer Alleman testified that the officers said, "That must be
it."  Appellant then was placed under arrest and was taken to
the magistrate's office.

Under the "objective reasonableness" test, Officer Alleman
did not act reasonably in reentering the house.  After appellant
produced the pellet gun, the officers arrested appellant and
removed him from the premises, thereby accomplishing their
stated objective.  The search to which appellant consented was

-

concluded. The second search was not a continuation or extension of the first search. In fact, the basis for the second search was information acquired after the first search was completed and after appellant had been removed from the premises.

Appellant consented to the search while he was physically present in his home. He was removed from his home prior to the second search. It is not objectively reasonable for the police to assume that appellant would be agreeable to another search when he was not present. Clearly, appellant saw no need to withdraw or limit his consent when he and Officer Spina left the premises. Objectively, appellant could assume that the search was concluded. The fact that another officer remained in the vicinity is of no moment. There is nothing in the record to suggest that appellant knew that the officer remained or that the officer intended to further search the premises.

Therefore, I cannot agree that the record supports the trial court's finding that the second search of appellant's home was reasonable as required by the Fourth Amendment.