COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


KEITH BYNUM
                                        OPINION BY
v.          Record No. 2154-95-1    JUDGE RICHARD S. BRAY
                                     NOVEMBER 12, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge

          Melinda R. Glaubke for appellant.

          John Byrum, Assistant Attorney General (James S.
          Gilmore, III, Attorney General; Daniel J. Munroe,
          Assistant Attorney General, on brief), for appellee.



     Keith Bynum (defendant) was convicted in a bench trial for

receiving stolen property in violation of Code § 18.2-108.

Defendant complains on appeal (1) that the trial court

erroneously declined to suppress evidence resulting from an

unlawful search, and (2) that the evidence was insufficient to

support the conviction.  We disagree and affirm the decision.

     In accordance with well established principles, we consider

the sufficiency of the evidence to support a criminal conviction

upon a review of the record
          in the light most favorable to the
          Commonwealth, granting to it all reasonable
          inferences fairly deducible therefrom.  The
          judgment of a trial court sitting without a
          jury is entitled to the same weight as a jury
          verdict and will not be set aside unless it
          appears from the evidence that the judgment
          is plainly wrong or without evidence to
          support it.


Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987) (citing Code § 8.01-680). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

We similarly review a trial court's ruling on a suppression motion, assessing the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance, and the decision of the trial judge will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Our consideration of the record includes evidence adduced at both the trial and the suppression hearing, if any. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987), cert. denied, 488 U.S. 985 (1988). To prevail on appeal, the defendant must "show . . . that the denial of [his] motion . . . constitute[d] reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

During the early morning hours on February 8, 1995, Virginia Beach police executed a search warrant for a local motel room. Uniformed Officers Sean Coerse and Steven Bishard were assigned to watch from inside and prevent unauthorized persons from entering the room. While the search was underway, Coerse observed defendant and two women approach the door. When Coerse opened the door, defendant "immediately turned around and began

- 2 -

walking away." Aware of suspected narcotics activity at the motel, Coerse decided to "get a conversation going with [defendant]," hoping to gain "consent to search his person."

Coerse called to defendant and asked "if [he] could help him." Defendant "stopped[,] . . . turned . . . around," and answered that "he had come to visit . . . people . . . in the room." Coerse had seen no vehicle arrive at the motel and, after further inquiry, defendant explained that the three had been "dropped off." Defendant laughingly denied involvement in narcotics trafficking and acceded to Coerse's request to search his person, "plac[ing] his hands up on the wall." Because Coerse was "searching for narcotics and specifically crack cocaine," a "very small item," he "stuck [his] hands in [defendant's] pockets and removed the contents," without objection from defendant. Coerse discovered a "Toyota car key" in a trouser pocket and remarked to defendant, "I thought . . . you didn't drive here." Defendant responded that he had found the key on the ground immediately in front of the motel room door and voiced "[n]o problem" with police keeping the key.

Coerse passed the key to Officer Bishard, and Bishard proceeded to a parking area located at the rear of the motel. Finding a Toyota automobile with its engine still "warm," Bishard ran a "status check" and learned that the vehicle had been reported stolen the preceding day. Coerse immediately located defendant, then seated on a nearby bench, and confronted him with

Bishard's findings.  Defendant denied knowledge of the offense and was released by police after completion of a "field interview card."[1]  Following discovery of defendant's fingerprints on the automobile, he was arrested several days later.  During subsequent police interrogation, defendant admitted possessing the stolen vehicle at the motel, claiming that "crack fiends" oftentimes allowed him to use their vehicles in exchange for cocaine.

SUPPRESSION OF EVIDENCE

Defendant first argues that he consented to a search only for drugs and that Coerse "exceeded the scope" of such consent when he "seize[d] the [car] key, . . . ask[ed] any questions or [took] further action regarding that key."

"The constitutional guarantee which defendant invokes secures citizens in their persons and property against unreasonable seizures."  Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994).

> However, "[t]he purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'  As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some

---

[1]The field interview included defendant's name, address, occupation, physical description, and photograph.

particularized and objective justification."

Id. (quoting United States v. Mendenhall, 446 U.S. 544, 553-54 (1980)).  "Voluntarily responding to a police request, which most citizens will do, does not negate 'the consensual nature of the response.'"  Grinton v. Commonwealth, 14 Va. App. 846, 849, 419 S.E.2d 860, 862 (1992) (quoting I.N.S. v. Delgado, 466 U.S. 210, 216 (1984)).  Thus, a police/citizen encounter and related exchange remain consensual and without Fourth Amendment implications "as long as 'a reasonable person would understand that he or she could refuse to cooperate.'"  Lawrence v. Commonwealth, 17 Va. App. 140, 144, 435 S.E.2d 591, 593 (1993) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)), aff'd. per curiam, 247 Va. 339, 443 S.E.2d 160 (1994).

Notwithstanding Coerse's motives, the initial encounter and attendant exchange between defendant and Officer Coerse were clearly voluntary, without suggestion of coercion or intimidation.  Defendant willingly responded to the officer's inquiries, dismissed with a laugh any involvement with narcotics, and expressly agreed to a search of his person, placing his hands against the wall without prompting by Coerse.

> "A consensual search is reasonable if the search is within the scope of the consent given."  Grinton v. Commonwealth, 14 Va. App. 846, 850, 419 S.E.2d 860, 862 (1992).  The United States Supreme Court has articulated the standard for measuring the scope of an individual's consent under the Fourth Amendment to be "'objective' reasonableness-- what would the typical person have understood by the exchange between the officer and the suspect?"  Florida v. Jimeno, 500 U.S. 248,

251 (1991). Furthermore, the Court stated
that, "[t]he scope of a search is generally
defined by its expressed object." Id.

Bolda v. Commonwealth, 15 Va. App. 315, 316-17, 423 S.E.2d 204,
205-06 (1992).

"A suspect may of course delimit as he chooses the scope of
the search to which he consents. But if his consent would
reasonably be understood to extend to a particular container, the
Fourth Amendment provides no grounds for requiring a more
explicit authorization." Lawrence, 17 Va. App. at 145, 435
S.E.2d at 594 (quoting Jimeno, 500 U.S. at 252). "The scope of
[the] search may be further defined during the course of the
search by the passive acquiescence of the person whose property
is being searched." Grinton, 14 Va. App. at 851, 419 S.E.2d at
863; see also Lawrence, 17 Va. App. at 146, 435 S.E.2d at 594-95.
 Both the presence of consent to search and any related
limitations are factual issues for the trial court to resolve
after consideration of the attendant circumstances. See Limonja
v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989)
(en banc), cert. denied, 495 U.S. 905 (1990).

In Lugar v. Commonwealth, 214 Va. 609, 611-12, 202 S.E.2d
894, 897 (1974), the Supreme Court restricted the scope of a
consensual search for a fugitive to "a reasonable search of
places [within an] apartment where [he] might hide." However,
where the object may be more easily concealed, a search may
properly assume much different parameters. For example, in a

- 6 -

consensual search of an automobile for narcotics, police may
search a container found within the vehicle, absent specific
limitations to the contrary.  Grinton, 14 Va. App. at 851, 419
S.E.2d at 862-63 (citing Jimeno, 500 U.S. at 251).  While
searching for coins, police may "look into every part of [a]
building," as coins "might have been hidden in one or more boxes
of diminutive size."[2]  Blair v. Commonwealth, 225 Va. 483, 489,
303 S.E.2d 881, 886 (1983); see Beavers v. Commonwealth, 245 Va.
268, 275-76, 427 S.E.2d 411, 417, cert. denied, 510 U.S. 859
(1993).

Officer Coerse was searching for crack cocaine, a small item
subject to concealment in the "corner" of a pocket.  In agreeing
to the search, defendant understood its purpose and voiced no
objection when Coerse conducted the search by emptying his
pockets.  Under such circumstances, the trial court correctly
concluded that the search was reasonably conducted and within the
scope of defendant's consent, both express and implied.
Discovery of the key was clearly an incident of the consensual
search and the related inquiries and investigation were merely a

---

[2]Although Blair arose under a search warrant, the scope of a
search warrant defines the reasonableness of the attendant search
as a defendant's consent defines the reasonable scope of a
warrantless search.  United States v. Dichiarinte, 445 F.2d 126,
129 n.3 (7th Cir. 1971).

continuation of the voluntary encounter.

SUFFICIENCY OF THE EVIDENCE

Conviction of defendant for violation of Code § 18.2-108 required proof that the automobile was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent. Starks v. Commonwealth, 225 Va. 48, 54, 301 S.E.2d 152, 156 (1983); see Code § 18.2-108. Defendant argues only that the Commonwealth's evidence failed to sufficiently establish his guilty knowledge. Manifestly, "[a]bsent proof of an admission against interest, such knowledge necessarily must be shown by circumstantial evidence. . . . 'It is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.'" Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983) (quoting Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).

The record discloses that defendant was found in possession of the stolen automobile within hours of its theft, falsely denied any connection to the vehicle, but later admitted acquiring it from a cocaine "fiend" in exchange for narcotics. Such evidence, together with the entire record, sufficiently established the guilty knowledge requisite to the conviction.

Accordingly, we affirm the judgment of the trial court.

Affirmed.