COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


GLENN ANTONY BARCROFT, JR.
                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0009-98-2     JUDGE LARRY G. ELDER
                                      FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Thomas N. Nance, Judge

            Susan D. Hansen, Deputy Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Glenn Antony Barcroft, Jr., (appellant) appeals from his

bench trial conviction for possession of cocaine in violation of

Code § 18.2-250.  On appeal, he contends the trial court

erroneously denied his motion to suppress.  He argues that the

officers violated his rights under the United States and Virginia

Constitutions because they did not have the reasonable suspicion

necessary to justify a seizure and search.  We hold that the

contact was a consensual encounter rather than a seizure and that

appellant consented to the search.  Therefore, we affirm

appellant's conviction.

     At a hearing on a defendant's motion to suppress, the

Commonwealth has the burden of proving that a warrantless search

--------
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
 this opinion is not designated for publication.

or seizure did not violate the defendant's Fourth Amendment rights. See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989); Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995). On appeal, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996)). However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699, 116 S. Ct. at 1659.

Appellant argues first that he was seized for purposes of the Fourth Amendment prior to the frisk. We disagree.

Police-citizen encounters generally fall into one of three categories. See McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

> First, there are consensual encounters which
> do not implicate the Fourth Amendment. Next,
> there are brief investigatory stops, commonly

2

> referred to as "Terry" stops, which must be
> based upon reasonable, articulable suspicion
> that criminal activity is or may be afoot.
> Finally, there are "highly intrusive,
> full-scale arrests" or searches which must be
> based upon probable cause to believe that a
> crime has been committed by the suspect.

Id. (citations omitted). "The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994) (quoting United States v. Mendenhall, 446 U.S. 544, 553-54, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980) (citation omitted)). Therefore, consensual encounters "'need not be predicated on any suspicion of the person's involvement in wrongdoing,' and remain consensual 'as long as the citizen voluntarily cooperates with the police.'" Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)). "'As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.'" Greene, 17 Va. App. at 610, 440 S.E.2d at 140 (quoting Mendenhall, 446 U.S. at 554, 100 S. Ct. at 1877). "A seizure occurs when an individual is either physically restrained or has submitted to a show of authority." McGee, 25 Va. App. at 199, 487 S.E.2d at 262.

3

"Whether a seizure has occurred . . . depends upon whether, under the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave." Id. at 199-200, 487 S.E.2d at 262. Other factors relevant under the "totality of the circumstances" analysis include "'"the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."'" Greene, 17 Va. App. at 611 n.1, 440 S.E.2d at 141 n.1 (quoting Mendenhall, 446 U.S. at 554, 100 S. Ct. at 1877) (other citation omitted).

Here, Officers Ernst and Rogers asked appellant if he minded their stopping him, to which he responded that he did not. The officers did not touch appellant, block his exit route or restrain him in any way before receiving his consent. Although the officers activated their flashing lights, they did so only for safety reasons and only after appellant had said he did not mind talking to the officers and would consent to be searched. Therefore, the evidence supports a finding that appellant consented to a voluntary encounter. See Williams v. Commonwealth, 21 Va. App. 263, 266, 463 S.E.2d 679, 681 (1995)). Because the encounter was voluntary, the police did not need reasonable articulable suspicion of criminal activity to justify the encounter.

4

Our recent holding in McGee, 25 Va. App. 193, 487 S.E.2d 259, does not require a different result.[1]  In that case, we held that where an officer indicates to a particular individual that he has received information that the individual himself is engaging in criminal activity, the encounter may become a seizure.  See id. at 200, 487 S.E.2d at 262.  However, we also noted that "[a]n encounter between a law enforcement officer and a citizen in which the officer merely identifies himself and states he is conducting a narcotics investigation, without more, is not a seizure within the meaning of the Fourth Amendment but is, instead, a consensual encounter." Id. at 199, 487 S.E.2d at 262.

In McGee, one of the officers specifically told the suspect that he was the object of their investigation, not merely that they were conducting a general investigation.  25 Va. App. at 201, 487 S.E.2d at 263.  Additional evidence in McGee "proved that three uniformed officers arrived in two marked police cruisers and confronted the [suspect]," and "the trial court, which found that a seizure had occurred, had the opportunity to evaluate the tone of voice that [the officer] said he used in speaking to the [suspect]."  Id.

---

[1]Appellant also relies on the recent decision in Parker v. Commonwealth, 255 Va. 96, 496 S.E.2d 47 (1998) (plurality op.). In Parker, however, only two justices joined Justice Hassell's opinion.  The remaining four justices concurred only "in the result." Id. at 107, 496 S.E.2d at 53.  In any event, the facts in Parker are distinguishable from those in appellant's case.

In appellant's case, by contrast, two uniformed police officers arrived in one marked police car, and appellant consented to the encounter before the officers mentioned they were conducting a narcotics investigation. Further, the evidence is uncontradicted that the officers told appellant only that they had received information "that there was a drug deal going on," not that appellant had been identified as a suspect. Finally, based on this evidence, the trial court found that appellant was not seized. These facts distinguish appellant's case from McGee.

Appellant also contends that he did not voluntarily consent to the frisk. Again, we disagree.

"A consensual search is reasonable if the search is within the scope of the consent given." Grinton v. Commonwealth, 14 Va. App. 846, 850, 419 S.E.2d 860, 862 (1992). The scope of the consent is viewed under a standard of "'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04, 114 L. Ed. 2d 297 (1991). A suspect may consent to an officer's request to search simply by raising his hands to facilitate the search. See Bynum v. Commonwealth, 23 Va. App. 412, 416, 417, 477 S.E.2d 750, 752, 753 (1996). "[T]he State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given . . . ." Florida v. Royer, 460 U.S. 491, 497, 103 S. Ct. 1319, 1324, 75 L. Ed. 2d 229 (1983). "Both the presence of consent to search and any related limitations are

factual issues for the trial court to resolve after consideration of the attendant circumstances."  Bynum, 23 Va. App. at 418, 477 S.E.2d at 753.

Viewed in the light most favorable to the Commonwealth, the evidence amply supported the finding that appellant voluntarily consented to the search of his person.  He did so, first, by saying that he did not mind if the officers searched him and, second, by dismounting his bicycle and placing his hands on the police car without being asked in order to facilitate the frisk. Although the officers mentioned their narcotics investigation prior to obtaining appellant's consent to search, the evidence is uncontradicted, as outlined above, that they told appellant only that they had received information "that there was a drug deal going on," not that appellant had been identified as a suspect. Therefore, no evidence in the record invalidates the consent appellant gave to the search.  Pursuant to that search, Ernst felt a lump in appellant's waistband, which appellant admitted was "dope."

Because the evidence supports the trial court's finding that the officers did not seize appellant and that he consented to the search, we affirm appellant's conviction.

Affirmed.

7