COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 0427-02-1        JUDGE ROSEMARIE ANNUNZIATA
                                             JULY 12, 2002
THOMAS ALLEN STORMER


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Frederick B. Lowe, Judge

            Stephen R. McCullough, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellant.

            Suzanne G. Moushegian for appellee.


    A grand jury indicted Thomas Allen Stormer for possession

of cocaine.  Stormer filed a motion to suppress evidence of

crack cocaine found during a search of his person.  The trial

court granted the motion, and the Commonwealth appealed to this

Court.  For the reasons that follow, we reverse the decision of

the trial court and remand for further proceedings.

                            Background

    On appeal of a motion to suppress, we view the evidence in

the light most favorable to the party prevailing below, in this

case, Stormer.  Commonwealth v. Grimstead, 12 Va. App. 1066,

1067, 407 S.E.2d 47, 48 (1991).  On November 24, 2000, Detective

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Fox and his partner conducted surveillance of a trailer at Trailer City in the City of Virginia Beach, in response to numerous reports that narcotics were being sold out of that trailer. They noticed a parked car near the trailer with the engine running. A passenger was seated in the car but there was no driver. Detective Fox then saw Stormer walk around the trailer, step into the car, and drive away. Detective Fox followed the car.

When the car voluntarily stopped, Fox parked his vehicle 50 feet behind it. Fox approached Stormer as he walked away from the car and asked to speak with him. Stormer did not respond. Fox asked him again if he could speak with him. As Stormer turned toward him, Fox displayed his badge, told Stormer he was a police officer and repeated his request to speak with him. The defendant muttered something unintelligible and averted his gaze from Fox. Fox inquired if he could ask a few questions, but Stormer gave more unintelligible responses. Fox thought he might be intoxicated because his speech was slurred.

Fox said, "You don't have a valid license, do you?" Stormer replied that he did not and explained that his license was suspended for driving under the influence. Fox decided to verify whether Stormer's license was actually suspended, so he asked Stormer to step to the front of the vehicle.

Fox then asked Stormer "may I see what's in your pockets?" Stormer put his hands in his pockets and pulled out a variety of

-

items, including a plastic bag containing crack cocaine.  When

Stormer would not give Fox the bag, Fox seized it from him and

placed him under arrest for possession of cocaine.

## Analysis

The trial court ruled as follows:

> [T]he approach and asking Mr. Stormer to answer a few questions as he got out of the car . . . – – I think that was fine.  Then when we get to the driver's license situation and he was told to step over to the front of the police car, then I think . . . he was detained.
> . . . if, in fact, his driver's license had been suspended and if Detective Fox had determined that and placed him under arrest for that charge, he could have searched incident to arrest all he wanted to.  The problem is that wasn't done, so basically you've got a detention for one reason and then a situation involving what amounts to a search which is not really incident to anything at that particular point in time other than the fact that there was this situation that Detective Fox was trying to follow up on.
> Considering the totality of the circumstances, . . . it is . . . not a proper search and seizure.  I'm going to grant the motion to suppress.

The trial court did not address the Commonwealth's

contention that Stormer voluntarily consented to the search of

his pockets.

The Commonwealth appeals the trial court's decision to

suppress the bag of crack cocaine found in Stormer's pockets.

The Commonwealth contends that the trial court erred as a matter

of law in concluding that the search was improper because it was

-

not incident to arrest, without considering whether Stormer consented to the search.  We agree.

The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  Subject to several well-established exceptions, warrantless searches of any place or thing in which a person has a reasonable expectation of privacy are unreasonable.  See Mincey v. Arizona, 437 U.S. 385, 390 (1978); Reittinger v. Commonwealth, 260 Va. 232, 235, 532 S.E.2d 25, 27 (2000).  On appeal, the trial court's legal conclusion concerning when, or whether, an illegal search occurred is reviewed de novo.  Archer v. Commonwealth, 26 Va. App. 1, 8, 492 S.E.2d 826, 830 (1997); McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997)(en banc); see United States v. Mendenhall, 446 U.S. 544, 552, 555 (1980).  However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

Searches made by the police pursuant to a valid consent do not implicate the Fourth Amendment.  See Schneckloth v.

-

Bustamonte, 412 U.S. 218, 222 (1973); Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988) (en banc).  "The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and '[v]oluntariness is a question of fact to be determined from all the circumstances.'"  Ohio v. Robinette, 419 U.S. 33, 40 (1996) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973)).  "Both the presence of consent to search and any related limitations are factual issues for the trial court to resolve after consideration of the attendant circumstances."  Bynum v. Commonwealth, 23 Va. App. 412, 418, 477 S.E.2d 750, 753 (1996).

In this case, the trial court held that the stop was proper; it found that the encounter began consensually and became a valid detention when the officer asked Stormer to step to the front of the vehicle to verify his driver's license.[1]  It held, however, that the search was improper because it was not incident to arrest, or pursuant to a Terry stop.  The trial court did not, however, make a finding regarding whether Stormer voluntarily consented to Officer Fox's request to search his pockets.  See United States v. Hurst, 228 F.3d 751, 757-58 (6th Cir. 2000) (upholding denial of motion to suppress because defendant consented to search during a proper Terry stop);

_____

[1] The Commonwealth did not appeal these rulings.

-

United States v. Dupree, 202 F.3d 1046, 1049 (8th Cir. 2000) (same); United States v. Leshuk, 65 F.3d 1105, 1110 (4th Cir. 1995) (affirming trial court's refusal to suppress defendant's voluntary statements made during a proper Terry stop).  Indeed, the Fourth Circuit has noted "[o]fficers may temporarily detain an individual under Terry for purposes of questioning the individual or attempting to obtain his consent to a search when reasonable suspicion exists."  Leshuk, 65 F.3d at 1110.  `

Because the trial court did not make a finding regarding consent, we reverse the trial court's decision and remand for consideration of whether Stormer voluntarily consented to the search of his pockets.

Reversed and remanded.

-