COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


KENNETH LEROY PRUNTY

MEMORANDUM OPINION* BY
v.   Record No. 3432-01-3   CHIEF JUDGE JOHANNA L. FITZPATRICK
NOVEMBER 5, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

(Kimble Reynolds, Jr., on brief), for
appellant. Appellant submitting on brief.

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Kenneth Leroy Prunty (appellant) was convicted in a bench trial of receiving stolen property in violation of Code § 18.2-108. The trial court sentenced appellant to two years in prison, suspended the sentence and placed him on probation for two years conditioned upon his paying $1,330 in restitution. The sole issue on appeal is whether the evidence was sufficient to support the conviction. For the following reasons, we affirm.

I.   BACKGROUND

The evidence established that on November 24, 2000 Investigator Curtis Spence ("Spence") of the Henry County

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Sheriff's Office went to appellant's home and conducted a consensual search.[1]  At the conclusion of this search, Spence seized a Honda Foreman all-terrain vehicle ("ATV"), a Yamaha Big Bear ATV and a blue motorcycle.  The vehicle identification number (VIN) had been removed or "partially obliterated" from each of the ATVs.  "With great work," police recovered the VIN for the Honda ATV; but were "not able to recover" a VIN for the Yahama ATV.  The motorcycle had a VIN, however, that VIN belonged to a Kawasaki motorcycle and the motorcycle engine was a Suzuki.  Moreover, the motorcycle VIN was on the frame, not on a "Triple-Tree . . . next to the front forks" where it was supposed to be.  "That number was ground away."

At the conclusion of the November 24, 2000 search, appellant gave police a written statement about the ownership of the seized vehicles.  Appellant stated,

> Both of the four wheelers are mine.  I
> bought the Foreman from Jimmy's Cycle across
> from J&J.  I bought it in '85.  The Yamaha,
> I bought from Donnell Harris.  He moved to
> North Carolina.  I don't know who scraped
> the serial numbers off.  I did the painting.
> I just ride it in the snow and to pull my
> wood splitter around.  I got it four years
> ago.

On November 29, 2000, Spence executed a search warrant on appellant's home.  Spence seized a Murray riding mower, a Ford

---

[1] Appellant was not home when Spence arrived; however, appellant's son Corey gave Spence permission to search the premises.  When appellant arrived, he also gave Spence permission to search and opened a locked garage to be inspected.

-

farm tractor, three Stihl chainsaws, a Husqvarna chainsaw, an RCA television, and a utility trailer with the logo "Hurst Trailers." Only the Murray riding mower and Ford farm tractor had identification numbers. Spence arrested appellant at the conclusion of the November 29 search. Police were able to return the ATVs, the riding mower and the tractor to their owners. The other seized items were never claimed.

The evidence at trial proved that Larry Hypes ("Hypes") owned the Honda Foreman ATV, which he purchased new in 1987. Hypes valued the ATV at $3,000 and stated that it was stolen on October 5, 2000. Hypes did not remove or attempt to remove the VIN while the vehicle was in his possession. Similarly, the Ford farm tractor belonged to William McMichael ("McMichael"). McMichael acquired the tractor in March 1994, and it was stolen sometime between November 6 and November 13, 2000. McMichael valued the tractor at approximately $6,600. Finally, Jerry Keffer ("Keffer") owned the Murray riding mower. Keffer took the mower, valued at $950, to a repair shop on October 28, 2000, and it was stolen on November 6, 2000. All of the owner-witnesses testified that they had not given appellant permission to have or use their property.

Appellant was the sole defense witness. Appellant claimed that he bought the Honda ATV in June 2000 from a man named Brad Flood ("Flood"). Appellant stated that he purchased the ATV for $2,500 cash. When asked why he had lied to Spence, appellant

-

stated that after speaking with Spence he became concerned that Flood "may have stole this one" and he "was trying to protect" Flood because Flood "was in the family." Appellant also testified that he bought the tractor from a man named Mike Boothe for $3,000 cash. Finally, appellant stated that he paid cash for the riding mower at a flea market. Appellant denied that he knew any of the items were stolen. At trial appellant stated that he owned all the items seized because "I paid for them."

Appellant argues that the evidence, even viewed in the light most favorable to the Commonwealth, was insufficient to convict him of receiving stolen goods in violation of Code § 18.2-108 because the Commonwealth failed to prove that he knew the items were stolen.

## II. SUFFICIENCY OF THE EVIDENCE

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v.

-

Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999).

"To convict a defendant under Code § 18.2-108, the Commonwealth must prove that property was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent." Shaver v. Commonwealth, 30 Va. App. 789, 800, 520 S.E.2d 393, 399 (1999). "Knowledge that the goods received were stolen property is an essential element of the crime, one which the Commonwealth must prove beyond a reasonable doubt." Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983). "Manifestly, absent proof of an admission against interest, such knowledge necessarily must be shown by circumstantial evidence. It is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen." Bynum v. Commonwealth, 23 Va. App. 412, 419, 477 S.E.2d 750, 754 (1996).

The instant case is factually indistinguishable from, and thus controlled by, our decision in Shaver.

-

The evidence proved that [Hypes'] ATV, which was recently stolen, was recovered from [appellant's] property. [Appellant] admitted [he] possessed the ATV and claimed to have purchased it. . . . The Commonwealth's evidence supported the inference that [appellant] knew the ATV was stolen property. The date on which [appellant] claimed to have purchased the ATV preceded the date by approximately [four] months that the ATV was stolen from [Hypes]. This fact give[s] rise to a permissible inference that [appellant] sought to conceal facts about [his] acquisition of the ATV. [Appellant], who claimed to have paid [$2,500] of on-hand cash for an ATV worth approximately [$3,000, was] unable to produce a receipt. . . . The trial court accepted the Commonwealth's evidence while rejecting [appellant's] testimony, and we cannot hold that this decision was plainly wrong. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."

Shaver, 30 Va. App. at 801, 520 S.E.2d at 399 (quoting Sandoval

v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732

(1995)). Accordingly, we affirm the conviction.

Affirmed.

-