COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


WILLIAM JAMES CORREIA

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 1956-04-2        JUDGE JAMES W. BENTON, JR.
                                             FEBRUARY 7, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Walter J. Ford, Judge Designate

A. Gray Collins, III (James J. Ilijevich, Deputy Public Defender, on
brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Judith
Williams Jagdmann, Attorney General, on brief), for appellee.


The trial judge convicted William James Correia of reckless driving, possession of

marijuana, and possession of a controlled substance.  Correia appeals the conviction of

possession of a controlled substance, contending the trial judge erred by denying his motion to

suppress the evidence resulting from a search by a police officer.  We hold that because Correia

consented to the search, the officer lawfully obtained the evidence.

I.

In considering the trial judge's denial of the motion to suppress, we view the evidence in

the light most favorable to the Commonwealth, as the prevailing party below.  See Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).  So viewed, the evidence

proved that Officer Joe Patterson stopped William James Correia for speeding.  When the officer

approached Correia, he noticed the smell of marijuana emanating from the car.  After requesting

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Correia's license and registration, the officer told Correia he smelled marijuana in the car. Correia responded, "You probably can." The officer then asked if he could search the car. Correia put his hand between the console and the passenger seat as he spoke to the officer, and he said the car belonged to his stepfather. Correia agreed, however, to the search.

The officer asked Correia to exit the car and then frisked Correia to determine whether he had weapons. The officer testified that during the frisk he felt items that did not seem to be weapons. After the frisk, the officer "asked . . . if [he] could reach inside of [Correia's] pockets." Correia did not verbally respond, but he reached into one of his jacket pockets and removed a cell phone and other items. When the officer saw those items, he told Correia to put them away and asked if he could search the other pocket. Correia removed a "flip top box of cigarettes" from that pocket. The officer then asked if he could see the cigarettes. Correia handed the officer the cigarette box. The officer opened the box and saw a dark leafy substance. He asked Correia to identify it. Correia told him it was "dope."

Prior to trial, the judge overruled the motion to suppress the evidence of the substance in the cigarette box, which was identified as phencyclidine (PCP), and Correia's statement.

II.

Correia contends that the officer's search exceeded the bounds of Terry v. Ohio, 392 U.S. 1 (1968), and that he did not validly consent to the officer's search of his pockets. The Commonwealth responds that the officer's conduct was reasonable and consistent with Terry.

"The right of the people to be secure in their persons . . . and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. "[S]earches and seizures 'conducted outside the judicial process . . . are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.'" Minnesota v. Dickerson, 508 U.S. 366, 372 (1993) (quoting Thompson v.

Louisiana, 469 U.S. 17, 19-20 (1984)).  One such exception involves a Terry detention and frisk for weapons.

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, . . . and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

Terry, 392 U.S. at 30.

During argument at trial, Correia's attorney acknowledged that the officer "had probable cause to search the vehicle because that's where the odor of marijuana was coming from."  The attorney then "concede[d] that in the presence of [the smell of] drugs [emanating from the car], the officer had a reasonable suspicion to do a pat-down for weapons."  On brief, Correia notes "the arresting officer had reasonable suspicion to detain [him for] a search for weapons" but argues that the officer's conduct following the frisk for weapons violated the standards enunciated in Dickerson and Harris v. Commonwealth, 241 Va. 146, 400 S.E.2d 191 (1991).  We hold that both cases are distinguishable and not, as Correia argues, "analogous" to his circumstance.

In Dickerson, "the police were justified under Terry in stopping . . . and frisking [the accused] for weapons."  Dickerson, 508 U.S. at 377.  The Court held that

> [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

Id. at 375-76. It noted, however, that the record indicated "the officer determined that the lump was contraband only after 'squeezing, sliding and otherwise manipulating the contents of [the accused's] pocket'—a pocket which the officer already knew contained no weapon." Id. at 378. Succinctly, the Court explained the violation as follows:

> Although the officer was lawfully in a position to feel the lump in respondent's pocket, because Terry entitled him to place his hands upon respondent's jacket, the court below determined that the incriminating character of the object was not immediately apparent to him. Rather, the officer determined that the item was contraband only after conducting a further search, one not authorized by Terry or by any other exception to the warrant requirement. Because this further search of respondent's pocket was constitutionally invalid, the seizure of the cocaine that followed is likewise unconstitutional.

Dickerson, 508 U.S. at 379.

In Harris, a police officer felt a bulge in Harris's pocket during a frisk for weapons, reached into the pocket, and removed a film canister. 241 Va. at 148, 400 S.E.2d at 192. The record indicates the officer knew the film canister was not a weapon when he retrieved it from Harris's pocket. Believing it contained drugs, the officer opened the canister and found drugs. Applying the Terry rationale for a weapons frisk, the Court held that the officer's "seizure and search of the film canister during the weapon search was not permissible because the canister was not a weapon and he did not search the canister for a weapon." Id. at 151, 400 S.E.2d at 194.

Correia argues that Dickerson and Harris, together with New York v. Sibron, 392 U.S. 40 (1968), and Ybarra v. Illinois, 444 U.S. 85 (1979), demonstrate that courts "enforce strict restrictions on the pat-down search." Unlike those cases, the record in this appeal establishes that when the officer frisked Correia for weapons, he did not reach into Correia's pockets to seize any items. Cf. Sibron, 392 U.S. at 65 (noting that, rather than frisking the clothing of a suspect, the officer reached into his pockets); Ybarra, 444 U.S. at 92-93 (holding that the officer

unlawfully reached into Ybarra's pocket and searched the cigarette pack because "[t]he initial frisk . . . was simply not supported by a reasonable belief that he was armed and presently dangerous"). Instead, the officer in this case first "asked [Correia] if [he] could reach inside his pocket." The record further establishes that Correia removed the items himself and showed them to the officer.

"It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); see also Cady v. Dombroski, 413 U.S. 433, 439 (1973). As a factual issue, the fact finder determines the presence of consent. Jean-Laurent v. Commonwealth, 34 Va. App. 74, 79, 538 S.E.2d 316, 318 (2000). Therefore, we will only reverse the trial judge's ruling on the suppression motion if a determination of consent is plainly wrong. Id.

Correia contends he did not consent to the officer opening the cigarette box. He argues that his actions did not fulfill the definition of consent because he did not explicitly state his consent. He further argues that, due to his detention, he was not free to disregard the officer's request, and, thus, he did not validly consent to the search.

"'Consent to a search . . . must be unequivocal, specific and intelligently given . . . and it is not lightly to be inferred.'" Elliotte v. Commonwealth, 7 Va. App. 234, 239, 372 S.E.2d 416, 419 (1988) (alteration in original) (citation omitted). To determine whether Correia validly consented to the search of the cigarette box, we must consider whether the evidence was sufficient to support findings that (1) Correia consented to the search, (2) the scope of consent encompassed the inside of the cigarette box, and (3) the consent was voluntary.

Voluntarily responding to a police officer's request implicates consent. See Bynum v. Commonwealth, 23 Va. App. 412, 417, 477 S.E.2d 750, 752-53 (1996). Correia reached into his

pockets and removed the contents in response to the officer's requests. Correia affirmatively acted by displaying the cigarette box and handing it to the officer. These actions constituted a sufficient fact basis for the trial judge to find that Correia consented. See United States v. Wilson, 895 F.2d 168, 170 (4th Cir. 1990) (finding a sufficient fact basis for consent where the defendant raised his arms in response to the officer's search request); see also Bynum, 23 Va. App. at 417, 477 S.E.2d at 753 (affirming consent finding where the defendant acceded to the officer's request to search by "placing his hands against the wall without prompting").

We measure the scope of consent given by asking "what . . . the typical reasonable person [would] have understood by the exchange between the officer and the suspect." Florida v. Jimeno, 500 U.S. 248, 251 (1991). In this case, when Correia showed the officer the cigarette box, he was responding to the officer's request to "see the cigarettes." By handing the cigarette box to another person under these circumstances, a reasonable person would have understood this action as implicit consent to look inside the box.

Whether consent was voluntary is based on the totality of the circumstances. Reynolds v. Commonwealth, 9 Va. App. 430, 439, 388 S.E.2d 659, 665 (1990). The only factors supporting Correia's contention that his consent was not voluntary were the facts that the officer detained him and did not tell him that he could refuse the request. The existence of a detention does not automatically render a consent invalid. Id. (holding that "[t]he mere fact that a person is in custody at the time he or she consents to a search is not sufficient in itself to demonstrate a coerced consent to search"). But cf. Bolden v. Commonwealth, 263 Va. 465, 473, 561 S.E.2d 701, 705 (2002) (holding that consent arising from an *illegal* seizure is "tainted and ineffective to justify [a] search"). Nor does the officer's lack of affirmatively informing the individual of the option to refuse render a consent invalid. Wilson, 895 F.2d at 172 (noting that the defendant

"was not informed of his right to decline the search . . . . But the absence of that factor alone is not dispositive . . . .").

The record establishes that only one officer was present. He did not display a weapon, and he made the requests "without threats, force, or physical intimidation." <u>See</u> <u>id.</u> at 170. He did not improperly prolong the traffic stop by announcing that the purpose of the stop was complete and then continuing the detention. <u>See</u> <u>Reittinger v. Commonwealth</u>, 260 Va. 232, 532 S.E.2d 25 (2000). Viewing the totality of the circumstances, the evidence established a reasonable basis for the trial judge to conclude that Correia's consent to the search was voluntary.

We conclude, therefore, that the record contains sufficient evidence to support the trial judge's finding that Correia validly consented to the search of the cigarette box. Correia has failed to meet the burden of proving that the warrantless search violated the Fourth Amendment. Accordingly, we affirm the trial judge's decision.

<u>Affirmed.</u>