COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges O'Brien and Lorish
Argued at Lexington, Virginia


JOEY DWAYNE ROACH

                                        MEMORANDUM OPINION[*] BY
v.       Record No. 0665-22-3               JUDGE LISA M. LORISH
                                             AUGUST 1, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Joey Dwayne Roach appeals his conviction from Pittsylvania County Circuit Court on one

count of receiving stolen property in violation of Code § 18.2-108, arguing that the evidence was

insufficient.[1]  For the reasons below, we affirm.

BACKGROUND[2]

In January 2019, the owner of J&J Truck Sales in Pittsylvania County reported that a 2005

Ford F750 mechanic utility truck on the lot had been stolen.  The truck was ready for sale, after

work had been completed on it, and advertised at a price of $59,900.  A full year later, Pittsylvania

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Roach was also convicted of possession of stolen property with the intent to sell, in
violation of Code § 18.2-108.01, but he does not challenge that conviction on appeal.

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the
light most favorable to the Commonwealth, the prevailing party at trial."  *Scott v. Commonwealth*,
292 Va. 380, 381 (2016).

County Sheriff's Investigator Rick Baxter learned about a location in Franklin County, at 121 Meeks Road, where stolen vehicles may be located. There, Investigator Baxter found and recovered the stolen Ford F750. He took photographs capturing the condition of the truck, which were later introduced into evidence at trial.

When the stolen truck was ultimately returned to the owner, it had to be towed to the lot because it was not drivable. The owner identified the truck by its vehicle identification number, which matched the number on the title. The truck had been spray-painted black with cans of paint (not professionally with a sprayer), the dashboard had been pulled out, the ignition had been "popped," and the tires were "messed up."

Ronnie Wade Meeks, the owner of the Meeks Road property, testified that Roach brought trucks, including the 2005 Ford F750, to his property for repair. At that time, the Ford F750 had been spray-painted black. Meeks repaired the truck for Roach, but Roach said he did not have the money to pay the $1,500 repair fee. Roach told Meeks to keep the truck on his property until Roach could sell parts from the truck to pay Meeks. The truck sat on Meeks's property for about six months before Investigator Baxter discovered it.

Investigator Baxter then interviewed Roach, who denied stealing the truck and instead said Devin Daniel was the thief. Roach said Daniel drove the truck to Roach's property in Pittsylvania County around January 2019 and wanted to sell it to Roach for $5,000. Roach said he paid Daniel $2,500 for the truck and then told Daniel he would pay the remainder when Daniel brought Roach the title. Daniel never brought the title to Roach, nor did he give Roach "any kind of receipt." Roach told Investigator Baxter that when he took possession of the truck, the ignition was already "popped out" and that he intended to sell it for parts. Roach also said Meeks was not involved in the truck being stolen.

After the Commonwealth rested its case, Roach made a motion to strike. As to the charge of possession of stolen property, the defense argued that Roach "thought he was buying a vehicle and getting a title." The trial court denied the motion to strike and convicted Roach of receiving stolen property. This appeal followed.

ANALYSIS

Roach contends that the evidence failed to prove he knew the truck was stolen when he took possession of it. In assessing the "sufficiency of the evidence, an appellate court views the evidence 'in the light most favorable to the Commonwealth, the prevailing party below.'" *Williams v. Commonwealth*, 71 Va. App. 462, 483 (2020) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

"[T]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The appellate court "does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Secret*, 296 Va. at 228). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"If any person buys or receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." Code § 18.2-108(A). Thus, "[t]o convict a defendant under Code § 18.2-108, the Commonwealth must prove that property 'was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent.'" *Shaver v. Commonwealth*, 30 Va. App. 789, 800 (1999) (quoting *Bynum v. Commonwealth*, 23 Va. App. 412, 419 (1996)). "Guilty knowledge 'is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.'" *Id.* at 800-01 (quoting *Reaves v. Commonwealth*, 192 Va. 443, 451 (1951)). "The fact that a defendant paid a patently low price for property is a circumstance from which a trier of fact may infer guilty knowledge." *Id.* at 801.

Roach argues that the evidence failed to prove he knew the truck was stolen because he gave an advance of $2,500 for the truck and asked for a title to it before any further money would be exchanged. "It is true, of course, that an essential element of the offense of receiving stolen property is guilty knowledge . . . [b]ut the element of guilty knowledge may be supplied by circumstantial evidence, *including the circumstance that the accused was in possession of recently stolen property*." *Covil v. Commonwealth*, 268 Va. 692, 695 (2004) (quoting *Roberts v. Commonwealth*, 230 Va. 264, 270 (1985)). "Another circumstance proper for consideration by the trier of fact is the explanation, or lack of it, given by the accused." *Id.* "Because proof of possession of recently stolen goods establishes a prima facie case that the defendant received them with guilty knowledge, the burden is cast upon him to go forward with evidence in explanation." *Id.* That said, although "[t]he inference of guilty knowledge arising from an accused's possession of recently stolen property may be repelled by a credible explanation," the trier of fact "is under no obligation to accept an account it finds unworthy of belief." *Id.* at 695-96.

In this case, the Ford F750 was reported stolen in January 2019, and Roach admitted that he received it at around the same time, presenting the trial court with *prima facie* evidence of Roach's guilt. When confronted by Investigator Baxter, Roach denied stealing the truck and identified the real culprit as Daniel, indicating his knowledge that the truck had been stolen. Roach told Investigator Baxter that the ignition had already been popped out when he received the truck from Daniel. Although the truck was valued at $59,900, Daniel offered to sell it to Roach for a mere $5,000—less than ten percent of its actual worth—and Roach gave Daniel an advance payment of only $2,500. Roach then drove the truck to Meeks's property for repairs and left it there, supposedly until he could sell the parts for the $1,500 Meeks wanted for his work. The truck had already been spray-painted black before Roach brought it to Meeks. When it was finally recovered, the truck had to be towed because the dashboard was pulled out, the ignition was popped, and the tires were slashed. Finally, Roach could not provide a title to the vehicle or a receipt for his alleged purchase.

We find that a rational fact finder could conclude from these circumstances, as the trial court did, that Roach accepted possession of the Ford F750 with dishonest intent, knowing it was stolen, and deliberately concealed it on Meeks's property until he could sell it for parts.[3] In short, the evidence was sufficient to support the conviction under Code § 18.2-108.

----

[3] At oral argument, Roach suggested that no inference could be drawn from the small price he paid to receive the vehicle, because there was no evidence about what shape the truck was in when he purchased it from Daniel—the Commonwealth only presented evidence of the fair market value at the time the truck was stolen off the lot and the shape the truck was in when it was recovered from Meeks's property. In other words, Roach could have paid a fair market price for an already-damaged truck that he did not know was stolen. But even if we set aside any inference from the mismatch between price Roach paid and the market value as Roach asks, viewed in the light most favorable to Commonwealth, the trial court considered uncontroverted evidence—Roach pegging Daniel as the thief, the ignition already being popped out, the lack of a title or receipt for the alleged purchase—from which a rational fact finder could conclude Roach accepted possession of a truck he knew was stolen regardless of the price paid.

## CONCLUSION

For these reasons, we affirm Roach's conviction for receiving stolen property in violation of Code § 18.2-108.

*Affirmed.*