COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Raphael

JOHNNY WINSTON SWAIN, SOMETIMES KNOWN AS
 JOHNNY WINSTON SWAIN, JR.
                                                     MEMORANDUM OPINION*
v.        Record No. 0916-23-3                            PER CURIAM
                                                       MARCH 26, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Gregory T. Casker, on brief), for appellant.

(Jason S. Miyares, Attorney General; Ryan Beehler, Assistant
Attorney General, on brief), for appellee.


After a bench trial, the court convicted Johnny Winston Swain, Jr. (appellant) of knowingly

receiving stolen goods valued at $1,000 or more. On appeal, appellant challenges the sufficiency of

the evidence. Finding no error, we affirm the judgment and unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

At trial, Diana Stadler testified that she owned a 23-foot pontoon boat that she kept on a

trailer on her property on Bibee Road in Pittsylvania County. She last saw the boat and trailer in

August 2022. Stadler opined that the value of the boat alone was $15,000, excluding the trailer.

_____

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the
prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)
(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

Tonya Barbour, the office manager of a scrapyard, identified appellant as a regular customer and testified that she was familiar with his gray sport utility vehicle. Barbour identified a photograph taken from surveillance video in October 2022 showing appellant's vehicle towing a trailer carrying a long metal object into the scrapyard. A second photograph taken approximately 20 minutes later showed appellant driving out of the scrapyard. Stadler testified that the trailer in the photograph belonged to her and the object on the trailer in the photograph was a piece of her pontoon boat.

On October 20, Investigator William Chaney told appellant that he "needed to talk to him about a pontoon boat that was stolen on Bibee Road." Appellant initially denied any knowledge of the stolen boat, but when Investigator Chaney told appellant that he had a video of appellant selling the boat for scrap, appellant admitted that "Devin Daniel had brought the pontoon boat to his house and asked him to get rid of it." Appellant confessed that he "cut [the boat] up" and "sold it for scrap." He also told the investigator where "other property" taken from Bibee Road could be found.

At the close of the evidence, the court denied appellant's motion to strike and convicted him of knowingly receiving stolen property.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "[T]he relevant question [on appeal] is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

To convict a defendant of violating Code § 18.2-108, knowingly receiving stolen property, the Commonwealth must prove that the property "was (1) previously stolen by another, and (2) received by [the] defendant, (3) with knowledge of the theft, and (4) [with] a dishonest intent." *Shaver v. Commonwealth*, 30 Va. App. 789, 800 (1999) (quoting *Bynum v. Commonwealth*, 23 Va. App. 412, 419 (1996)). Appellant does not argue that the Commonwealth failed to prove any specific element of the offense. Rather, he asserts that the Commonwealth failed to prove that the boat that appellant "admitted that he possessed" was "[Stadler's] pontoon boat."

We disagree. Based on Stadler's testimony that she had not seen her pontoon boat after parking it on her property in August 2022, a rational fact finder could conclude that the boat was stolen. Further, Stadler testified that she recognized a piece of her pontoon boat, as well as her trailer in the scrapyard photographs, and Barbour identified appellant as the person who brought the trailer and piece of the boat to the scrapyard.

Appellant's admissions to Investigator Chaney during their interview bolstered the connection between appellant and Stadler's stolen pontoon boat. Appellant contends that, although he admitted receiving, cutting up, and selling "a pontoon boat," for scrap, he "never acknowledged that [this] pontoon boat . . . came from Bibee Road."[2] A rational fact finder could conclude otherwise. Investigator Chaney asked appellant "about a pontoon boat that was stolen on Bibee Road." After the investigator told appellant that he "had him on video" selling the boat for scrap, appellant admitted that Daniel "had brought the pontoon to his house and asked him to get rid of it." A rational fact finder could determine that when appellant confessed to receiving, cutting up, and selling "the" stolen pontoon boat, he meant the boat that was the subject of the interview—the one stolen from Bibee Road. Moreover, appellant's claimed knowledge of "other" items taken from the

_____

[2] Appellant does not challenge Stadler's ownership of the stolen pontoon boat.

Bibee Road property further supports the conclusion that appellant's admission referred to Stadler's stolen pontoon boat rather than some other boat.

In sum, Stadler, Barbour, and Investigator Chaney's testimony, as well as the scrapyard photos, viewed together in the light most favorable to the Commonwealth, established that appellant received Stadler's pontoon boat with knowledge of the theft and with dishonest intent.

CONCLUSION

For these reasons, we affirm the trial court's judgment.

*Affirmed.*