ANNUNZIATA, Judge.
Kareen Latif Edwards pled guilty to possession of cocaine with the intent to distribute, conditioned upon his ability to *826 appeal the trial court’s order denying his motion to suppress evidence. He was convicted by the trial court and sentenced to twenty years in prison, with fifteen years suspended. Edwards appeals from the trial court’s denial of his motion to suppress evidence. For the reasons that follow, we affirm.

Background

On February 20, 2000, Officer Michael Reardon investigated Room 256 at the Econo Lodge at 1111 East Ocean View in Norfolk based on an informant’s tip that two individuals were selling narcotics from that location, one of whom was known as “E.” When Officer Reardon had “just about finished up” his search of the room, Edwards knocked on the door and entered carrying a clear plastic bag of women’s white tube socks. Edwards identified himself as “E.”
Officer Reardon told Edwards that he understood Edwards was a supplier of cocaine to a variety of locations in the Ocean View area, including three locations at the motel. The officer then asked Edwards for consent to search his person. While holding the bag of socks, Edwards responded, “[s]ure, no problem.”
Edwards put the bag of socks on the bed and cooperated with the search. Officer Reardon searched him but did not find any narcotics. Reardon picked up the bag and asked the defendant what he was doing with a bag of women’s white tube socks. Reardon immediately noticed a lumpy object inside the tube socks. He looked inside the bag and found two plastic sandwich bags inside the socks. One bag contained fifty zip-lock baggies of crack cocaine, and the other contained twenty-five zip-lock baggies of crack cocaine.
Edwards moved to suppress the evidence found in the socks on the ground that the search of the bag violated his Fourth Amendment right to be protected against unreasonable searches. The trial court denied his motion, finding that he consented to the search.

*827
Analysis

Edwards appeals the trial court’s denial of his motion to suppress the evidence of crack cocaine found in the baggies.[1] Specifically, he contends that the warrantless search was unreasonable because his consent to search his person did not extend to the bag. We disagree.
On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the party prevailing below, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). “[W]e are bound by the trial court’s findings of historical fact unless ‘plainly wrong’ or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.” McGee v. Commonwealth, 25 Va.App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)). However, we review de novo the trial court’s application of defined legal standards. Ornelas, 517 U.S. at 699,116 S.Ct. at 1663. “Both the presence of consent to search and any related limitations are factual issues for the trial court to resolve after consideration of the attendant circumstances.” Bynum v. Commonwealth, 23 Va.App. 412, 418, 477 S.E.2d 750, 753 (1996).
“A consensual search is reasonable if the search is within the scope of the consent given.” Grinton v. Commonwealth, 14 Va.App. 846, 850, 419 S.E.2d 860, 862 (1992).
The United States Supreme Court has articulated the standard for measuring the scope of an individual’s consent under the Fourth Amendment to be “ ‘objective’ reasonableness—what would the typical person have understood by the exchange between the officer and the suspect?” Flori *828 da v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297 (1991). Furthermore, the Court stated that, “[t]he scope of a search is generally defined by its expressed object.” Id.
Bolda v. Commonwealth, 15 Va.App. 315, 317, 423 S.E.2d 204, 206 (1992) (quoted in Bynum, 23 Va.App. at 418, 477 S.E.2d at 753). “ ‘A suspect may of course delimit as he chooses the scope of the search to which he consents. But if his consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization.’ ” Lawrence v. Commonwealth, 17 Va.App. 140, 145, 435 S.E.2d 591, 594 (1993) (quoting Jimeno, 500 U.S. at 252, 111 S.Ct. at 1804).
Whether consent to search one’s person includes containers such as a purse or bag held by that person is a matter of first impression in Virginia. We are, however, guided by the reasoning of several of our sister courts considering the import of the term “person” in the context of the search of a person pursuant to a warrant. For example, in United States v. Graham, the Seventh Circuit Court of Appeals concluded that the defendant’s shoulder purse could be considered part of “his person.” See 638 F.2d 1111, 1114 (7th Cir.1981) (holding that search of defendant’s purse, which he carried, was authorized by a warrant to search “his person”). In holding that such objects are within the scope of the search of a person, the Court noted:
The human anatomy does not naturally contain external pockets, pouches, or other places in which personal objects can be conveniently carried. To remedy this anatomical deficiency clothing contains pockets. In addition, many individuals carry purses or shoulder bags to hold objects they wish to have with them. Containers such as these, while appended to the body, are so closely associated with the person that they are identified with and included within the concept of one’s person. To hold differently would be to narrow the scope of a search of one’s person to a point at which it would have little meaning.
*829 Id. Several other jurisdictions have similarly concluded that the search of a person includes containers held by the person. See United, States v. Robertson, 833 F.2d 777, 784 (9th Cir. 1987) (holding that search of backpack constituted a search of defendant’s person and was not authorized by search warrant for premises); Minnesota v. Wynne, 552 N.W.2d 218, 220 (Minn.1996) (concluding that search of defendant’s purse constituted a search of her person); Wisconsin v. Andrews, 201 Wis.2d 383, 549 N.W.2d 210, 216, 218 (1996) (noting that items worn by, or appended to the body of, a person are included within the concept of the person and, therefore, are not encompassed by a search warrant that does not specifically authorize a search of the person); Hayes v. Georgia, 141 Ga.App. 706, 234 S.E.2d 360, 361-62 (1977) (holding that search of appellant’s suitcase, found on the floor next to the couch on which he was sleeping, was an unconstitutional search of his person and was not authorized by a search of the residence); cf. United States v. Branch, 545 F.2d 177, 182 (D.C.Cir.1976) (holding that search of shoulder bag was not authorized by search warrant for apartment).
We, therefore, hold that the scope of consent to search one’s person encompasses such items. Although the cases we find persuasive on the issue before us were decided in the context of a search pursuant to a search warrant, and not pursuant to consent, we find nothing in the reasoning or the holdings of the courts deciding the issue that suggests the analogy is inapt. Indeed, the circumstances requiring a definition of “the person” in the context of conducting a search pursuant to a search warrant are comparable to those in which the police acted in this case. In both instances, the officers had to determine whether the scope of the permitted search— one permitted on the basis of a search warrant of “the person,”—the other pursuant to consent to search of “the person,” included bags and other such items appended or otherwise closely associated with the individual. In both instances, the acting officer was presented with the need to determine whether the authority granted to search “the person” extended to such items. The different premises underly *830 ing the authority to search the person do not change the ultimate question to be resolved, to wit, the scope of the term, “the person.”
In this case, Edwards was holding the bag of women’s white tube socks when he consented to the search of his person. Thus, the bag was “appended to,” or intimately connected with, his person. Cf. Jean-Laurent v. Commonwealth, 34 Va.App. 74, 80, 538 S.E.2d 316, 319 (2000) (search of defendant’s suitcase was not authorized by defendant’s consent to “search his person,” where he consented while in a bus terminal and his suitcase remained on the bus). He also understood that the object of the search was evidence related to cocaine distribution, which could possibly be found within the bag. See Jimeno, 500 U.S. at 251, 111 S.Ct. at 1804 (“The scope of a search is generally defined by its expressed object.”). Thus, the trial court’s determination that Officer Reardon understood Edwards’ consent to include the container that he carried was reasonable and not plainly wrong.
To the extent that Edwards thereafter made the scope of his consent less clear by placing the bag on the bed before the officer began the pat-down, his passive acquiescence while the officer searched the bag affirmed that the bag was within the scope of his consent. See Grinton, 14 Va.App. at 851, 419 S.E.2d at 863 (“The scope of a search may be further defined during the course of the search by the passive acquiescence of the person whose property is being searched.”); United States v. Rison, 946 F.2d 1497, 1501 (10th Cir.1991); United States v. Espinosa, 782 F.2d 888, 892 (10th Cir.1986) (“Failure to object to the continuation of the search ... may be considered an indication that the search was within the scope of the consent.”); McNair v. Commonwealth, 31 Va.App. 76, 83, 521 S.E.2d 303, 307 (1999) (holding that defendant’s failure to withdraw consent to search for “criminal activity” in his home included the top floor because he did not withdraw his consent to search when he observed the officer go upstairs). In Grinton, the defendants expressly consented to a search of “the contents and containers” of their vehicle. 14 Va.App. at *831 851, 419 S.E.2d at 868. Although this consent did not expressly include the trunk, they did not object or withdraw consent when the officer searched the trunk of the car. Id. We thus held that the defendants’ acquiescence in the search of the trunk clarified that their consent included the trunk. See id.
Likewise in Rison, the defendant claimed that the trooper exceeded the scope of his consent to search “the glove box, the trunk and the remainder of his vehicle” when the trooper searched underneath the back seat of the vehicle. 946 F.2d at 1501. The defendant, however, standing only five feet from the automobile during the search, did not object to the search of the back seat. On these facts, the court held that “it would be reasonable to conclude that defendant’s acquiescence indicated that the search was within the scope of the consent.” Id.
Similarly, Edwards, after consenting to the search of “his person,” which could reasonably be understood to include the bag he held, stood in close proximity to the officer when he began to search the bag and did not object, withdraw his consent, or otherwise limit the scope of his consent. See Grinton, 14 Va.App. at 851, 419 S.E.2d at 863 (holding that once initial consent to search has been given, “passive acquiescence” broadens the scope of search); McNair, 31 Va.App. at 83, 521 S.E.2d at 307 (holding that failure to withdraw consent was evidence that defendant consented to search in progress); cf. Hughes v. Commonwealth, 31 Va.App. 447, 458, 524 S.E.2d 155, 161 (2000) (en banc) (holding that acquiescence to a strip and body cavity search did not extend the scope of defendant’s consent to search his person because of the highly intrusive nature of the search). Edwards’ initial consent to the search of his person, together with his subsequent passive acquiescence to the search of his bag, would lead a reasonable officer to believe that Edwards’ consent to the search included the bag he carried. Therefore, we hold that the trial court did not err in denying Edward’s motion to suppress and affirm his conviction.

Affirmed.

. The Commonwealth also argues that the officer had probable cause to arrest Edwards and, therefore, lawfully searched the bag. Because the trial court did not consider this argument, we do not address it on appeal.