COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Haley
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0952-07-4               JUDGE ROBERT J. HUMPHREYS
                                                         OCTOBER 2, 2007
NAHOM F. BEYENE


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    M. Langhorne Keith, Judge Designate

           Benjamin H. Katz, Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellant.

           Dawn M. Butorac, Deputy Public Defender (Office of the Public
           Defender, on brief), for appellee.


        Pursuant to Code § 19.2-398, the Commonwealth appeals a decision of the trial court to

suppress evidence pertaining to Nahom Beyene's ("Beyene") indictment for possession of a

controlled substance in violation of Code § 18.2-250.  The Commonwealth argues that the trial

court erred in holding that the police lacked reasonable suspicion to stop the vehicle in which

Beyene was traveling.  For the following reasons, we agree with the Commonwealth, reverse the

trial court's ruling, and remand for proceedings consistent with this opinion.

                                    I.  BACKGROUND

        "On appeal of a ruling on a motion to suppress, we view the evidence in the light most

favorable to the party prevailing below, granting to it all reasonable inferences fairly deducible

therefrom."  Edwards v. Commonwealth, 38 Va. App. 823, 827, 568 S.E.2d 454, 456 (2002).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The burden is on the appellant to show that the trial court's decision constituted reversible error." Benton v. Commonwealth, 40 Va. App. 136, 140, 578 S.E.2d 74, 76 (2003) (quoting Quinn v. Commonwealth, 25 Va. App. 702, 712, 492 S.E.2d 470, 475 (1997)). The only testimony presented at the suppression hearing was the testimony of Fairfax County Police Officer David Koenigsberg ("Koenigsberg"). His testimony established the following.

On September 23, 2006 at 11:20 p.m., Koenigsberg observed two vehicles traveling on U.S. Route 1 in Fairfax County. Koenigsberg observed that the second vehicle, a Jeep Cherokee, was traveling only one-half of one car length, approximately six to seven feet, behind the first vehicle. It is a violation of Code § 46.2-816 to follow a vehicle "more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and the conditions of, the highway at the time." Koenigsberg followed the two vehicles in his patrol car for twenty to twenty-five seconds from a distance of three to four car lengths, approximately sixty feet behind the second vehicle. He estimated that the vehicles were traveling approximately thirty-five miles per hour in a twenty-five mile-per-hour zone. Through the Fairfax Police Academy, Koenigsberg had twice completed training to successfully estimate a vehicle's speed to within five miles per hour of its actual speed.

Koenigsberg noticed that the passenger in the rear seat of the Jeep was "moving around," "bouncing," and "completely disappearing" from his view. Koenigsberg stopped the Jeep to investigate the passenger's activity. Upon stopping the Jeep, he observed a driver, a front-seat passenger, and a rear-seat passenger. Koenigsberg subsequently identified the rear-seat passenger as the appellee, Nahom Beyene. The driver of the vehicle did not have his driver's license with him so Koenigsberg asked him to step out of the vehicle. As they spoke, the driver asked Koenigsberg if he would retrieve the driver's bottle of Gatorade from the vehicle.

When Koenigsberg reached into the vehicle, he observed cigar tobacco and "a bud of green vegetation" on the floorboard. Based on his training and experience of over thirteen years as a police officer, during which he had encountered marijuana between two hundred and three hundred times, he recognized the green vegetation as marijuana. After discovering the marijuana, Koenigsberg searched the vehicle. As a result of the search, he discovered a small glass vial wedged into the back seat. The liquid was later determined to be phencyclidine.

Beyene was subsequently charged with possession of a controlled substance in violation of Code § 18.2-250. Before trial, Beyene made a motion to suppress the vial containing phencyclidine. Beyene argued that Koenigsberg did not have reasonable suspicion to stop the Jeep and that Koenigsberg's subsequent observation of "green vegetation" did not give him probable cause to search the Jeep. Beyene argued that the stop was improper for two reasons. First, Beyene claimed the stop was invalid because the vehicle's speed and distance from the car in front of it did not create reasonable suspicion. Second, the stop was invalid because Koenigsberg's stated reason for stopping the vehicle was to investigate the behavior of the back-seat passenger.

The Commonwealth argued that the stop was valid regardless of Koenigsberg's state of mind because Koenigsberg had reasonable suspicion that the Jeep was following too closely, in violation of Code § 46.2-816 and exceeding the posted speed limit. The Commonwealth presented the tables of speed and stopping distances, Code § 46.2-880, as evidence that the Jeep was following too closely. The trial court granted Beyene's motion to suppress. The court held:

> I'm going to grant the motion to suppress. I think the Officer's testimony, "I wanted to find out what was going on," leads me to conclude that, he was sixty feet behind, 11:30 at night, 11:23 at night, that this was a pretextual stop because he thought something was going on in the car.

\* \* \* \* \* \* \*

But I think his candid testimony that "I wanted to find out what was going on" leads me to believe that this stop was pretextual and for that reason I grant the motion to suppress.

\* \* \* \* \* \* \*

[Beyene] said he didn't have reasonable cause to stop and that's what I find, he didn't have reasonable cause to stop, i.e., it was pretextual.

The Commonwealth filed a notice of appeal pursuant to Code § 19.2-398. The trial court continued the case pending the outcome of this appeal.

## II. ANALYSIS

In reviewing the granting of a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). "However, we consider *de novo* whether those facts implicate the Fourth Amendment." Shaver v. Commonwealth, 30 Va. App. 789, 794-95, 520 S.E.2d 393, 396 (1999).

At oral argument, Beyene took the position that the trial court made a finding of fact that Koenigsberg's testimony was not credible and, that, consequently, this Court cannot consider Koenigsberg's testimony regarding the Jeep's speed or distance from the car in front of it.[1] Beyene bases his argument on the trial court's statement: "I think the Officer's testimony, 'I wanted to find out what was going on,' leads me to conclude that, [Koenigsberg] was sixty feet behind, 11:30 at night, 11:23 at night, that this was a pretextual stop because he thought something was going on in the car."

---

[1] This argument contradicts Beyene's concession on brief that the Jeep and the car it was following "were traveling approximately 35 miles per hour in a 25 mile per hour zone" and that "the second car, a Jeep Cherokee, was approximately six to seven feet behind the first car."

- 4 -

When that statement is read in the context of the entire ruling, it is clear that the trial court did not find Koenigsberg's testimony incredible. In its very next statement, the trial court found credible Koenigsberg's testimony that he could identify the "green vegetation" on the floorboard as marijuana. In the final sentence of its ruling, the trial court made clear its opinion of Koenigsberg's credibility and the reason for its ruling: "I think [Koenigsberg's] candid testimony that 'I wanted to find out what was going' on leads me to believe that this stop was pretextual and for that reason I grant the motion to suppress." Thus it is clear that the trial court's ruling was not based upon any lack of credibility with respect to the otherwise uncontradicted facts to which Koenigsberg testified. Rather, it was clearly based upon the trial court's perception that the existing facts served as a pretext for the officer's desire to investigate what he perceived to be suspicions actions on the part of the vehicle's occupants.

"A police officer may stop and detain a person 'for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.'" Ford v. Commonwealth, 28 Va. App. 249, 255, 503 S.E.2d 803, 805 (1998) (quoting Terry v. Ohio, 392 U.S. 1, 22 (1968)). "In order to justify the stop, the fourth amendment requires that the officer have a 'reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" Woodson v. Commonwealth, 14 Va. App. 787, 792, 421 S.E.2d 1, 4 (1992) (quoting Moss v. Commonwealth, 7 Va. App. 305, 307-08, 373 S.E.2d 170, 172 (1988)).[2]

> [R]easonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

---

[2] Although a passenger in the vehicle, Beyene has standing to challenge the stop of the vehicle. See Brendlin v. California, 127 S. Ct. 2400, 2403 (2007) (In a traffic stop, each "passenger is seized as well and so may challenge the constitutionality of the stop.").

Alabama v. White, 496 U.S. 325, 330 (1990). "An investigatory stop under Terry anticipates that some innocent people may be stopped. Nevertheless, it is a lawful stop designed to permit an officer with reasonable suspicion of criminal activity to quickly confirm or dispel that suspicion." Davis v. Commonwealth, 35 Va. App. 533, 539, 546 S.E.2d 252, 255 (2001).

In determining the validity of a stop, "[p]olice actions are to be tested 'under a standard of objective reasonableness *without regard to the underlying intent or motivation of the officers involved*.'" Limonja v. Commonwealth, 8 Va. App. 532, 537-38, 383 S.E.2d 476, 480 (1989) (*en banc*) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)) (emphasis added). "The subjective intent of a police officer in making a stop is irrelevant." Clarke v. Commonwealth, 32 Va. App. 286, 295, 527 S.E.2d 484, 489 (2000).

Thus, in this case, Koenigsberg's subjective motivation in making the stop was irrelevant. The question the trial court should have considered is whether Koenigsberg had reasonable suspicion, based on the objective facts, that the Jeep was involved in criminal activity. We hold that Koengsberg had two independent, objective bases of reasonable suspicion.

First, Koenigsberg observed the Jeep traveling one car length, approximately six feet, behind the vehicle in front of it. It is a violation of Code § 46.2-816 to follow a vehicle "more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and the conditions of, the highway at the time." Upon observing the Jeep following so closely, Koenigsberg could have reasonably concluded that the Jeep was following "more closely than is reasonable and prudent." Thus, Koenigsberg had reasonable suspicion based on an objective fact that the Jeep was in violation of Code § 46.2-816.

Second, Koenigsberg estimated that the Jeep was traveling approximately thirty-five miles per hour in a twenty-five mile-per-hour zone. Koenigsberg had twice completed training in which he accurately estimated a vehicle's speed within five miles per hour of its actual speed.

- 6 -

Thus, Koenigsberg had reason to believe that the Jeep was exceeding the speed limit by at least five miles per hour. Because Koenigsberg could reasonably believe that the Jeep was violating the speed limit, he had reasonable suspicion to stop the Jeep.

Because Beyene presented no evidence to contradict Koenigsberg's testimony and the trial court did not find his testimony incredible, we accept it as true. Koenigsberg had reasonable suspicion to stop the Jeep based on two objective and independent grounds. Koenigsberg observed the Jeep in violation of two traffic laws, speeding and following too closely. The observance of facts suggesting either violation supports reasonable suspicion that the Jeep was in violation of the law, which constitutionally justifies a brief investigative detention of the vehicle and its occupants. Because Koenigsberg had reasonable suspicion based on objective facts, his state of mind at the time of the stop is irrelevant in the constitutional analysis.

### III. CONCLUSION

For the foregoing reasons, we hold that the trial court erred in granting Beyene's motion to suppress. We therefore reverse its decision and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>