COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


CHRISTINE FRANCIS PARHAM, A/K/A
  CHRISTINE FRANCIS MILLER
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1823-18-2                JUDGE MARY BENNETT MALVEAUX
                                                       DECEMBER 10, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

Lauren Whitley, Deputy Public Defender, for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Christine Francis Parham ("appellant") entered a conditional plea of *nolo contendere* to

possession of a controlled substance, in violation of Code § 18.2-250.[1]  She argues that the trial

court erred by denying her motion to suppress the evidence obtained from a warrantless search of

her person because there was no evidence that she unequivocally and specifically consented to a

search of her purse.  For the reasons that follow, we hold that the evidence supports the trial

court's denial of the motion to suppress and affirm appellant's conviction.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant entered her conditional plea pursuant to Code § 19.2-254, which permits a
defendant, "[w]ith the approval of the [circuit] court and the consent of the Commonwealth," to
"enter a conditional plea of guilty . . . , reserving the right, on appeal from the judgment, to a
review of the adverse determination of any specified pretrial motion."  Neither party assigns
error to the trial court for accepting a conditional plea of *nolo contendere*, rather than a
conditional plea of guilty, from appellant.  Thus, we do not consider whether the trial court erred
in accepting that plea.  See White v. Commonwealth, 272 Va. 619, 621 (2006) (resolving appeal
on the merits where the defendant entered a conditional plea of *nolo contendere* and neither party
assigned error to the trial court for accepting that plea).

## I. BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" Sidney v. Commonwealth, 280 Va. 517, 520 (2010) (quoting Murphy v. Commonwealth, 264 Va. 568, 570 (2002)).

So viewed, the evidence demonstrates that on December 14, 2017, Detective A.J. Johnson of the Richmond Police Department received a telephone call from a confidential informant. The informant told Johnson that a woman at the corner of 4th and Broad Streets was selling drugs out of her purse. The informant also provided Johnson with a detailed description of the woman's clothing and wig. Johnson and Detective Errol Fernandez went to the corner of 4th and Broad Streets where they saw a woman, appellant, who matched the informant's description "to a T."

The detectives approached appellant, who was carrying a purse. Johnson asked appellant if the detectives could speak with her, and she agreed. The detectives walked with her into a side street where Johnson advised appellant of her rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). At the suppression hearing, Johnson testified that he then told appellant a reliable source had informed him that she had drugs on her person and asked her "did she have anything illegal on her and could I check and she consented." When the Commonwealth's attorney asked Johnson to describe how appellant had consented, he replied, "With her words." Asked if he remembered appellant's words, Johnson stated, "I don't know if she said yes or okay. . . . But she gave consent."

Detective Fernandez witnessed Johnson's conversation with appellant. He testified at the suppression hearing that Johnson asked appellant "if she had anything illegal on her person and if she minded if we searched." Appellant responded, "Yes."

After Johnson's exchange with appellant, the detective searched her purse. There, he found pills inside a prescription bottle labelled "Paula Lively/Oxycodone-Acetaminophen." Johnson also found a Newport cigarette pack containing a substance he believed to be cocaine.

Appellant was arrested and indicted for possession of a controlled substance, in violation of Code § 18.2-250. Prior to trial, she filed a motion to suppress, arguing that her purse had been searched without a warrant and that the Commonwealth had not established that she had consented to the search.

At the suppression hearing, appellant noted Fernandez's testimony that she was asked whether she "had anything illegal on her" and "if she minded if [the detectives] searched." Appellant argued that when she said "yes," her statement was "the opposite of consent. . . . If you ask if I mind if you do something and the person says yes, I mind, that is certainly not giving consent." Further, appellant noted, Johnson had been unable to recall exactly how appellant had worded her alleged consent to the search.

The trial court found that appellant had "consent[ed] to [her] purse being searched" and denied the motion to suppress. The court stated that its ruling was based upon "the combined testimony of the [detectives], [and] the evidence that [was] presented before the [c]ourt."

Pursuant to a plea agreement, appellant entered a conditional plea of *nolo contendere* to possession of a controlled substance, reserving the right to appeal the denial of her motion to

suppress.[2]  The trial court accepted the agreement and appellant's plea and sentenced her to five years' incarceration with all five years suspended.

This appeal followed.

## II.  ANALYSIS

Appellant argues that the trial court erred by denying her motion to suppress the evidence obtained from the detectives' warrantless search, because there was no evidence that she unequivocally and specifically consented to the search of her purse.[3]

On appeal from a denial of a motion to suppress, "we view 'the facts in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.  This standard requires us to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'"  Curley v. Commonwealth, 295 Va. 616, 618-19 (2018) (quoting Evans v. Commonwealth, 290 Va. 277, 280 (2015)).  It is the appellant's burden to show that when the evidence is viewed in this manner, the trial court committed reversible error by denying the motion.  Hairston v. Commonwealth, 67 Va. App. 552, 560 (2017).

---

[2] As part of appellant's plea agreement, the Commonwealth agreed to *nolle prosequi* a charge of felony possession of Oxycodone.  In addition, appellant stipulated that the substance found in the cigarette pack was cocaine.

[3] Appellant's assignment of error asserts that the detectives' warrantless search was conducted "in violation of the Fourth and Fourteenth Amendments to the United State[s] Constitution."  However, appellant makes no specific argument on brief that her due process, equal protection, or other rights under the Fourteenth Amendment were infringed by the search.  Consequently, we confine our analysis to the Fourth Amendment implications of the detectives' conduct.  See Ele v. Commonwealth, 70 Va. App. 543, 552 n.3 (2019) ("This Court need not consider appellant's statement in his assignment of error that the evidence was insufficient . . . [because] [h]e did not develop this argument or support it with any authority in his brief.");  Turner v. Commonwealth, 67 Va. App. 46, 61 (2016) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)));  Rule 5A:20(e) (requiring issues raised in an appellant's assignment of error to be supported on brief by argument, "including principles of law and authorities").

- 4 -

"The question of whether a search . . . violated the Fourth Amendment is 'a mixed question of law and fact that we review *de novo*' on appeal." Id. (quoting Harris v. Commonwealth, 276 Va. 689, 694 (2008)). We are "'bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence[,]'" but we "independently review[] the trial court's application of relevant legal principles." Id. at 560, 561 (quoting Malbrough v. Commonwealth, 275 Va. 163, 168 (2008)). "As in any Fourth Amendment review, the touchstone of our analysis is the reasonableness of the search under the circumstances." Glenn v. Commonwealth, 275 Va. 123, 130 (2008).

"As a general rule, 'a search authorized by consent is wholly valid'" under the Fourth Amendment because "'[w]here consent is freely and voluntarily given, probable cause and a search warrant are not required.'" Hawkins v. Commonwealth, 65 Va. App. 101, 107 (2015) (first quoting Kyer v. Commonwealth, 45 Va. App. 473, 483 (2005) (*en banc*), then quoting Limonja v. Commonwealth, 8 Va. App. 532, 540 (1989)); see also Brooks v. Commonwealth, 282 Va. 90, 95 (2011) ("[I]t is . . . well settled that one of the specifically established exceptions to the requirements of . . . a warrant and probable cause is a search that is conducted pursuant to consent." (second and third alterations in original) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973))). Such consent "must be unequivocal, specific and intelligently given" and "is not lightly to be inferred," although it may be demonstrated by conduct alone. Hawkins, 65 Va. App. at 107 (quoting Jean-Laurent v. Commonwealth, 34 Va. App. 74, 78 (2000)). "The question of whether a defendant gave an officer consent to search 'is a factual question to be determined by the trier of fact,' receiving great deference from this Court." Royal v. Commonwealth, 37 Va. App. 360, 366 (2002) (quoting Jean-Laurent, 34 Va. App. at 79). In making such a determination, the trier of fact considers "the totality of the circumstances, and . . .

- 5 -

reverse[s] a trial court's decision regarding the presence of consent only when it is plainly wrong." Hawkins, 65 Va. App. at 107 (quoting Jean-Laurent, 34 Va. App. at 79).

Appellant first argues that there was no evidence that she unequivocally consented to the detectives' search. She contends that the Commonwealth relied solely upon a claim that appellant verbally consented to the search, but that each detective's version of her alleged consent was equivocal. Appellant notes Johnson's testimony that when he asked her if she had anything illegal on her and could he "check," appellant consented "with her words," but Johnson could not remember whether she replied "yes" or "okay." Appellant also notes Fernandez's testimony that she replied "[y]es" when asked if she had anything illegal on her and "if she minded if [the detectives] searched." She contends that her response could have constituted "saying yes to something illegal, yes to the search, or yes because she was confused." Consequently, appellant argues, neither detective's account reflects her unequivocal verbal consent to a search, and thus the trial court's finding of consent was plainly wrong.

We are unpersuaded by appellant's argument, which views each detective's testimony in isolation and fails to consider the totality of the circumstances in the light most favorable to the Commonwealth. Here, the evidence demonstrates that detectives approached appellant and asked her if she would speak with them, and she agreed. Appellant was read her Miranda rights before Johnson told her that he had been informed that she had drugs on her person. In that context, Johnson then asked appellant if she did have anything illegal on her, and could he check. Although Johnson could not remember exactly how appellant responded, he did recall that she replied in the affirmative and stated either "yes" or "okay." Fernandez witnessed this exchange and testified that appellant stated "yes" in response to Johnson. Johnson's testimony made clear that he understood appellant's response to mean that she consented to a "check" or search. The detectives then searched appellant's purse, and neither Johnson nor Fernandez indicated that

appellant objected. The trial court, which had the opportunity to see and hear the detectives' testimony, had "sole responsibility to determine [their] credibility" and "the weight [to] give[] to their testimony." Jennings v. Commonwealth, 67 Va. App. 620, 625 (2017). The court specifically considered the combined testimony of the detectives and concluded that, taken as a whole, their testimony indicated that appellant had consented to a search. This factual finding of consent was not plainly wrong. As such, we will not disturb it on appeal.

Appellant further argues that there was no evidence that she specifically consented to the search of her purse. She notes that Johnson never testified specifically about what her verbal consent to a search entailed and that although he was sure she consented "with her words," he could not remember exactly what those words were.[4] Consequently, appellant contends, the evidence was too vague, contradictory, and ambiguous to establish that appellant specifically consented to the search of her purse.

"A consensual search is reasonable if the search is within the scope of the consent given." Edwards v. Commonwealth, 38 Va. App. 823, 827 (2002) (quoting Grinton v. Commonwealth, 14 Va. App. 846, 850 (1992)). We have previously held that while "[a] suspect may of course delimit as he chooses the scope of the search to which he consents," if the suspect's "consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization." Lawrence v. Commonwealth, 17 Va. App. 140, 145 (1993) (quoting Florida v. Jimeno, 500 U.S. 248, 252 (1991)).

---

[4] Appellant also notes that Fernandez testified that she said "yes" when Johnson asked her if she had anything illegal on her and "if she minded if we searched." She argues that this response meant that she "*did* mind if they searched her purse. This is not consent. It is the opposite." We need not consider this argument on appeal, as in advancing this interpretation of Fernandez's testimony and appellant's statement, appellant presents the evidence in the light most favorable to appellant, not the Commonwealth—the inverse of the view which this Court takes on review. This argument further ignores the fact that the trial court, as finder of fact, was free to conclude from the totality of the circumstances, as it did, that appellant was voicing consent and not an objection to the detectives searching her purse.

Accordingly, we have also held that "the scope of consent to search one's person encompasses such items" as "containers held by the person," including backpacks and purses. Edwards, 38 Va. App. at 829. Additionally, "[t]he scope of a search may be further defined during the course of the search by the passive acquiescence of the person whose property is being searched." Grinton, 14 Va. App. at 851. "Both the presence of consent to search and any related limitations are factual issues for the trial court to resolve after consideration of the attendant circumstances." Edwards, 38 Va. App. at 827 (quoting Bynum v. Commonwealth, 23 Va. App. 412, 418 (1996)).

Appellant's argument that she did not specifically consent to the search of her purse is unpersuasive. She was informed by Detective Johnson that he had received reliable information that she had drugs on her person. Johnson then asked appellant if she had "anything illegal on her" and "could [Johnson] check." Both Detective Johnson and Detective Fernandez testified that appellant answered Johnson in the affirmative; neither testified that appellant attempted to limit the scope of Johnson's "check" either before or during his search of appellant's purse. After considering the detectives' testimony and the reasonable inferences flowing from that testimony, the trial court concluded not only that appellant had consented to a search, but that the scope of her consent had specifically extended to a search of her purse. This factual finding was not plainly wrong, and thus we will not disturb it on appeal.

III. CONCLUSION

Finding no error, we affirm the trial court's denial of appellant's motion to suppress and affirm appellant's conviction.

Affirmed.